Lipscomb, J.
On the first ground offered in support of the motion we will remark that it lias never been regarded as necessary or essential that the petition for a writ of error should state any grounds on which it is asked. It is believed to be a writ of right to which the applicant is entitled, and it is not inquired by the clerk whether lie lias good grounds of complaint or not. The assignment of errors, and not the petition, must inform the adverse parly of the grounds on which the plaintiff relies for a reversal of the judgment.
Note 42.—Wright v. Williams, 12 T., 35; Graham v. Sterns, 10 T., 153; Summerlin v. Reeves, 29 T., 85; Stephenson v. T. & P. R. R. Co., 42 T., 162.
Note 43.—Davis v. Carter, 18 T., 400,
On the second ground assigned in support oí the motion to dismiss, we answer that if the citation gives a sufficient description of the case in which the judgment sought to be reversed was rendered, so as not to leave its identity uncertain, it is sufficient. The citation in this case does not give the amount of the judgment, hut it gives the parties, the date of its rendition, and the number of the ease on the ¡docket. This is believed to be entirely sufficient to identify the particular case in which the judgment is sought to be reversed.
It will be seen by reference to Hartley’s Digest, article 793, that a bond is not a condition precedent on the issuance"of a writ of error. It can be claimed without giving any bond ; but if no bond is given the issuance of the writ does not operate as a supersedeas, nor can the cleric issue a supersedeas in any case where bond, according to the provisions of the statute, lias not been given. Wiien a bond is given to operate as a'*supersedeas, it must be snob as the cleric will approve, and he is to judge of its sufficiency.
It will be seen, therefore, that neither the want of a bond nor a defective bond will furnish sufficient grounds for dismissing a writ of error. It is not so in cases coming up to this court by appeal. The bond is a condition precedent to tlie consummation of an appeal, unless in the excepted cases of executors, administrators, &c. '
The motion is therefore overruled.
Motion overruled.