# STEWART v. MASTERSON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TEXAS.

Submitted January 9, 1888. — Decided January 30, 1888.

The signing of a citation after the expiration of the term to which an appeal taken with security was returnable, and after the commencement of the following term, and without taking new security, is in effect the granting of a new appeal returnable at the next term of court thereafter.

An appeal docketed in this court after a term ends and before the next following term begins, is docketed as of the next following term.

An appeal bond having become inoperative by reason of failure to docket the appeal at the next term of this court, and a new appeal having been granted without the filing of a new bond, on motion to dismiss for want of filing an appeal bond; *Held*, that the motion should be granted unless appellant, before a day fixed by the order, should file a bond with the clerk of this court, with sureties to the satisfaction of the Justice allotted to the Circuit. *Brown* v. *McConnell, ante*, 489, followed.

MOTION TO DISMISS. The case is stated in the opinion of the court.

*Mr. S. S. Henkle* for the motion.

*Mr. C. C. Lancaster* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The facts on which this motion rests are these: The decree from which the appeal was taken was rendered November 7,

1884, and contained on its face the allowance of an appeal to this court. That appeal was returnable to October Term, 1885, which began October 12 of that year. It does not appear that any bond was approved during the term at which the decree was rendered, but one was approved October 10, 1885, which was before the beginning of the return term. A citation was signed November 2, 1885, after that term began, requiring the appellee to appear in this court on the second Monday in October, 1886. This citation was served February 17, 1886, but the case was not docketed in this court until June 11, 1886, which was after our term of 1885 ended but before that of 1886 began.

The bond approved October 10, 1885, must be deemed to have been taken under the appeal allowed in open court, and as that appeal became inoperative by reason of the failure to docket it here during the term of 1885, the only question we have now to determine is, whether the signing of the citation November 2, 1885, was in effect the allowance of a new appeal, returnable at the term of 1886. We have just decided in *Brown* v. *McConnell, ante*, 489, that it was; but as the bond which was executed October 10, 1885, became inoperative by the failure to docket the first appeal in time, we now

*Order that this appeal be dismissed, unless the appellant shall, on or before the 19th day of March next, file with the clerk of this court a bond in the penal sum of $500, conditioned according to law, for the purposes of the appeal, with sureties to the satisfaction of the Justice of this court allotted to the Fifth Circuit.*