### PLATT v. ADRIANCE (three cases).

(Circuit Court, S. D. New York. December 12, 1898.)

SECURITY FOR COSTS—SUITS BY RECEIVER OF NATIONAL BANK.

A receiver of a national bank, bringing suits in another jurisdiction against stockholders, is not exempted by Rev. St. § 1001, from being required to give security for costs. While in such suits process may, in a sense, be said to issue by direction of a department of the government, it does not appear that, in the event of an adverse decision, the costs taxed against the receiver can be paid from the contingent fund of such department, as contemplated by such section.

These are suits by William A. Platt, as receiver of the Commercial National Bank of Colorado, against I. Reynolds Adriance, William A. Adriance, and John E. Adriance, respectively, as stockholders in such bank. Heard on motions to require plaintiff, who resides in Denver, Colo., to file security for costs.

Silas Wodell, for the motion.

Omar Powell, opposed.

LACOMBE, Circuit Judge. Congress has provided that, in certain actions which are brought under federal statutes, no security for costs shall be given; but it was not so disregardful of the rights of the individual citizen as to deprive him of his right to costs in the event of his success. The section of the Revised Statutes reads as follows:

"Sec. 1001. Whenever * * * process in the law * * * issues from a circuit court * * * by direction of any department of the government no bond, obligation or security shall be required * * * to answer * * * in

costs. In case of an adverse decision, such costs as by law are taxable against * * * the party acting by direction as aforesaid, shall be paid out of the contingent fund of the department under whose directions the proceedings were instituted."

If process in this case is taken out by the receiver of the national bank, plaintiff herein, "by direction of any department of the government," the case will be within the express language of this section, and no security for costs should be required, and, in the event of defendant's success, he may be paid his costs out of the contingent fund of the treasury department. In one sense, the receiver, who, in the language of the supreme court in Kennedy v. Gibson, 8 Wall. 498, is "the instrument of the comptroller of the currency," may be said to act under the comptroller's direction in bringing suits against alleged delinquent stockholders; but it would seem as if congress had in mind some more specific direction. To claims by successful defendants in such suits to be paid out of its contingent fund it is altogether probable that the treasury department would reply that it had not specifically directed such suits to be brought, and that the charge was not properly against congressional appropriations for the expenses of the department, but against the funds of the defunct bank, which the receiver might hold for distribution among its creditors. Inasmuch as congress has so carefully provided for the one case, and has failed to provide for the other, it must be assumed that it did not intend to relieve receivers of national banks from the ordinary obligations of nonresident litigants when they do not act under such direction as will make the treasury department contingent fund liable for costs. It is conceded that the right of the court to require security for costs from receivers is discretionary, but there can surely be no doubt as to how such discretion should be exercised. It would be most unjust if a defendant who succeeds in a suit brought here by the receiver could recover his costs only by going to Colorado, and himself suing there upon the judgment in his favor.

Unless, therefore, within 20 days, plaintiff shall file a certificate of the comptroller of the currency to the effect that process in this action is taken out by express direction of the treasury department, he will be required to file security (or deposit) for costs to the amount of $100 in each case. Defendant may have 10 days after notification of the filing of such certificate or security in which to answer.