**BRYSON v. PAYNE, Agent.  (No. 2423.)**

(Court of Civil Appeals of Texas.  Texarkana. May 26, 1921.  Rehearing Denied June 9, 1921.)

**1. Railroads ⬚⬚5½, New, vol. 6A Key-No. Series—Director General's order making appeal bond unnecessary held unauthorized.**

The Director General of Railroads being sued for death of cattle on track could not appeal to the county court from judgment for plaintiff in a justice court without executing an appeal bond, notwithstanding Director General's General Orders Nos. 50 and 50a, providing that no appeal bond shall be required in such proceedings; the Director General having no authority under Act March 21, 1918 (U. S. Comp. St. 1918, U. S. Comp. St. 1919, §§ 3115¾a–3115¾p), to make such a regulation.

**2. Appeal and error ⬚⬚374(4) — Federal statute exempting government officials from giving appeal bond applicable only to proceedings in federal courts.**

U. S. Comp. St. § 1661, exempting the United States government and the heads of its different departments from giving an appeal bond held inapplicable to Director General of Railroads' appeal from the justice court to the county court, having reference only to proceedings in the federal courts.

Appeal from Harrison County Court; W. H. Strength, Judge.

Suit by J. H. Bryson against John Barton Payne, Agent.  Judgment for plaintiff in the justice court, and for defendant in the county court, and plaintiff appeals.  Reversed and remanded, with directions to dismiss appeal from justice court.

Cary M. Abney, of Marshall, for appellant. Hall, Brown & Hall, of Marshall, for appellee.

HODGES, J.  Appellant sued the appellee, as the Director General in charge of the Texas & Pacific Railroad, to recover damages for the value of two head of cattle killed at a crossing.  The case originated in the justice court, where a judgment was rendered in favor of the plaintiff for $142.75.  The Director General appealed to the county court without giving any appeal bond.  A motion was made in that court by the plaintiff to dismiss the appeal.  This motion was overruled, and a trial followed which resulted in a verdict for the defendant.

[1, 2] The first question presented on this appeal is: Did the county court acquire appellate jurisdiction in the absence of an appeal bond?  We are of the opinion that it did not.  Our statute requires all parties, except those expressly exempted, who appeal from the rendition of a money judgment in the justice court, to give an appeal bond.  The Director General in his representative capacity is not among those exempted from this requirement.  Counsel for the appellee refer to General Orders Nos. 50 and 50a issued by the Director General, which expressly provide that in proceedings of this character no appeal bond shall be required.  While Congress has the authority to extend this immunity to the agencies of the federal government, it has not done so.  Section 1661 of the United States Compiled Statutes of 1916, which exempts the United States government and the heads of its different departments from the requirement to give an appeal bond, refers only to proceedings in the federal courts. The Act of March 21, 1918 (U. S. Comp. St. 1918, U. S. Comp. St. Supp. 1919, §§ 3115¾a– 3115¾p), which authorized the President to assume control over the operation of railroads during the period of the war, does not attempt to provide any such exemption in the litigation authorized against the Director General.  The latter, in the absence of such authority, has no power to make a nonessential regulation applicable to proceedings in the local state courts instituted for the purpose of enforcing private rights against railroads.  E. P. & S. Ry. Co. v. Lovick, 110 Tex. 244, 218 S. W. 489.

The judgment of the county court will be reversed, and the cause remanded, with directions that the appeal from the justice court be dismissed.