[Civil No. 2873.   Filed March 3, 1930.]

[285 Pac. 281.]

In the Matter of the Estate of C. H. ELKIN, Deceased. UNITED STATES OF AMERICA, Guardian of DORA BENT, a Minor and Ward of the United States of America, Appellant, v. ERNEST S. WICKERSHAM, Executor of the Last Will of C. H. ELKIN, Deceased, and TOM ELKIN, RIVERS LAVENDER, HAZEL E. BECKER, and W. O. TUTTLE, Legatees and Devisees Mentioned in Said Will, Appellees.

Mr. John C. Gung'l, United States Attorney, and Mr. J. S. Wheeler, Assistant United States Attorney, for Appellant.

Mr. Wm. St. J. Wines and Mr. Jesse A. Udall, for Appellees.

PER CURIAM.—The appeal herein was heretofore, upon the motion of appellee, dismissed on the ground that appellant had not filed an appeal bond as required by law. Following the usual practice, no written opinion assigning reasons for the order of dismissal was given.

The United States attorney for the district of Arizona has filed motion for a rehearing of the motion to dismiss, in which he claims the order of dismissal was erroneous for three reasons. He says: First, that the United States, being the guardian of the appellant who is an Indian, is exempt under sec-

tion 3673 of the Revised Code of 1928 from giving an appeal bond, and cites the opinion of this court in *Porter* v. *Hall,* 34 Ariz. 308, 271 Pac. 411, 417, wherein we said: " . . . All Indians are wards of the federal government, and as such are entitled to the care and protection due from a guardian to his ward." Second, that a judgment for costs against the United States cannot be collected in this kind of a case. And third, that because of the comity existing between the state of Arizona and the United States no bond on appeal can be exacted of the latter.

Section 3673 of the Revised Code of 1928 reads as follows:

"No bond shall be required upon an appeal taken by the state, or any county thereof, or by a state board or commission, or a state or county officer in his official capacity, or by an executor, administrator, guardian, or trustee in bankruptcy in his representative capacity."

It will be noted that the terms of this statute have local application. The first part of it exempts state and counties thereof and officers of these when sued or suing in their representative capacity from giving appeal bonds. No one would contend that any foreign state or county or the officers thereof suing or being sued in our courts could appeal without giving an appeal bond. It is just as certain that the exemption from giving a bond on appeal was intended to extend to executors, administrators, guardians and trustees in bankruptcy appointed and commissioned by the local courts and none other.

The second ground assigned suggests a very good reason for requiring an appeal bond, the purpose of such bond being to protect the adversary against loss by reason of an unsuccessful appeal.

The third ground assigned is not good for the reason that the statutes require all appellants to file

appeal bonds (section 3664, Revised Code of 1928), except persons financially unable to do so (section 3665, Id.), and those mentioned in section 3673, *supra.* These exemptions we have held are in derogation of the general law and may not be extended to include cases not within the terms of the exemptions. *Town of Yuma* v. *Winn,* 17 Ariz. 92, 148 Pac. 286.

We are satisfied the order of dismissal for want of an appeal bond should not be disturbed.