N. W. IRWIN, RECEIVER OF THE HYDE PARK-KENWOOD NATIONAL BANK OF CHICAGO, A NATIONAL BANKING ASSOCIATION, *v.* EDWARD C. ADAMS.

No. 2278.

SUBMITTED SEPTEMBER 16, 1937.          DECIDED SEPTEMBER 22, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

Plaintiff-appellee, N. W. Irwin, receiver of the Hyde Park-Kenwood National Bank of Chicago, instituted in the circuit court of the first judicial circuit of the Territory of Hawaii an action at law against Edward C. Adams, defendant-appellant, to recover the sum of $15,000 claimed to be due by virtue of an assessment duly levied on the capital stock of the bank owed by appellant. Appellee alleged the insolvency of the bank, the appointment of himself as receiver thereof by the controller of the currency, the levy of the assessments upon the stockholders by the controller under authority of the statutes of the United States, and of the indebtedness of the appellant to appellee as aforesaid. After service of process appellant interposed his answer generally denying the allegations of the complaint. Appellant then interposed a motion for security for costs, which was supported by the affidavit of his counsel. The affidavit avers "that the plaintiff herein, N. W. Irwin,

receiver for the Hyde Park-Kenwood National Bank of Chicago, a national banking association, is foreign receiver, and as your affiant is informed and believes and therefore avers the fact to be, is wholly without property in the Territory of Hawaii and could not respond to a judgment if any were rendered against him as the receiver aforesaid in said cause of action by process issued against said receiver within said Territory of Hawaii; that in the trial of the above entitled cause the defendant will incur and expend certain sums of money as necessary costs for a proper defense to the above entitled action; that in the event judgment should be rendered in favor of the defendant and against the plaintiff, the statutory costs taxable against the plaintiff would be the sum of Three Hundred and Eighty-two Dollars and 50/100 ($382.50) upon the present claim; that said statutory costs and the necessary costs to be incurred in the defense of this action as aforesaid will be approximately Five Hundred Dollars ($500.00)."

The demand for security was based upon the provisions of section 3644, R. L. 1935, which confers power upon the judges of the circuit courts of the Territory at chambers "to require either the plaintiff or defendant, upon the application of the opposite party, to give security for costs in any civil cause, upon such terms and conditions as the judge shall deem just."

Following the presentation of the motion the circuit judge denied the same for the reasons as stated by him "that some affidavit of merits in connection with the defense is a proper requisite to justify the exercise of the court's discretion in favor of the defendant, and the absence of that indicates that the court is justified in exercising the discretion to deny the motion; on the further ground, indicated in the ruling on the first motion for security of costs, that the motion as presented, in so far as anything is dis-

closed in the record, is no higher in reality than dilatory proceedings." From this ruling the defendant comes here by exceptions.

As additional grounds justifying the action of the circuit judge the appellee advances the theory that a receiver of a national bank, appointed as such by the controller of the currency, is the agent and an officer of the United States, and therefore, under section 3795, R. L. 1935, and 28 U.S.C. § 870 (1934), no judgment for costs could be rendered against him even though he is unsuccessful in the prosecution of his action. The local statute refers solely to the territorial government, the several counties, the City and County of Honolulu, or an officer thereof acting in his official capacity, and cannot be construed as having any application to the receiver of a national bank. The Federal statute cited is confined to proceedings "brought up to the Supreme Court [of the United States] or a district court either by the United States or by direction of any department of the government." This statute does not apply to proceedings in state or territorial courts (see *Bryson* v. *Payne,* 232 S.W. 362), and could in no case be invoked by a party other than the Federal government, unless it is shown that he is proceeding by express direction of a governmental department (see *Platt* v. *Adriance,* 90 Fed. 772). The appellant had denied the allegation of appellee's complaint. The cause was therefore at issue in the manner and form prescribed by the rules of procedure recognized in this jurisdiction. No affidavit of a meritorious defense was required of appellant, either by statute or rule of court, hence none was necessary (see 15 C. J. 209). By the affidavit of appellant's counsel it was shown that the appellee resides in a foreign jurisdiction, that he possesses no property or assets in the Territory of Hawaii, and could not be required to respond to any judgment that appellant might ultimately recover

against him in the local courts, and that to properly defend the action the appellant will be required to incur substantial expenses. There was no denial of the facts set forth in the affidavit, hence in this state of the record the case falls within the rule announced by this court in *Estate of Cathcart,* 29 Haw. 683.

The appellant was therefore entitled to the protection which the statute extends to him and all other litigants similarly situated, and the circuit judge in the proper exercise of his discretionary power should have granted appellant's motion for security.

The exceptions are sustained and the cause is remanded to the court below with instructions to proceed conformably to this opinion.

*F. E. Thompson* and *M. K. Ashford* for appellant.
*Smith, Wild, Beebe & Cades* for appellee.