**UNITED STATES v. BRANSON, Banking Com'r, et al.**

**No. 10859.**

Court of Civil Appeals of Texas. San Antonio.

Jan. 8, 1941.

Rehearing Denied Feb. 5, 1941.

Douglas W. McGregor and Brian S. Odem, both of Houston, and James L. Abney, of Brownsville, for appellant.

Gerald C. Mann, Geo. W. Barcus, Wm. J. Fanning, Lloyd Armstrong, Ocie Speer, and Joe Goodwin, all of Austin, J. C. Hall, of Edinburg, Stewart, Burgess & Morris, of Houston, Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, Malone, Lipscomb, White & Seay, of Dallas, Strickland, Ewers & Wilkins and R. D. Cox, all of Mission, Kelley & Looney and Preston Shirley, all of Edinburg, and Henry D. Lauderdale, of Mercedes, for appellees.

**SMITH, Chief Justice.**

The United States of America brought this action in the nature of a bill of review in a district court of Hidalgo County to collect the sum of $34,349.53, plus interest, which had been assessed against the American State Bank & Trust Company, in. liquidation, as a deficiency in 1934 income and excess profits taxes. A judgment was rendered against the United States, which gave proper notice of appeal. No appeal bond appears in the record, but the transcript was timely filed in this court. Appellee F. C. Branson, in his capacity as State Banking Commissioner, has presented a motion to dismiss this appeal on the ground that the United States, sole complainant of the judgment, has failed to file an appeal bond as required by statute.

■ Art. 2253, R.C.S.1925 provides that "an appeal may * * * be taken * * * by the appellant giving notice of appeal * * * and by his filing with the clerk an appeal bond, where bond is required by law * * *." Art. 2265 prescribes the form and sufficiency of the bond. The legislature has seen fit to exempt certain persons and entities from the requirement of filing an appeal bond. Arts. 2254, 2072a, 2276, 279a, 1174 and 7057c sec. 13, Vernon's Ann.Civ.Stats. Among these are the State of Texas, the heads of State departments and certain specified agencies of the federal government, Art. 279a, but no Texas statute, either expressly or by implication, exempts the United States from giving the bond required by Art. 2253. Neither is it exempted by any act of Congress. It is true that the provisions of 28 U.S.C.A. § 870, as amended June 19, 1934, chap. 653, sec. 7, 48 Stat. 1109, specifically exempt the United States from giving a bond or security for costs in an appeal to the Supreme Court or any district court, but this statute applies only to appeals taken in federal courts and does not include state courts within its scope. United States v. Kinney, D.C., 264 F. 542, writ of error dismissed 254 U.S. 663, 41 S.Ct. 64, 65 L.Ed. 464. Appellant does not contend otherwise.

■ Appellant contends that it is not liable for costs in this case, and therefore it is unnecessary for it to file a bond. Without deciding its liability for costs, we hold that in the absence of a statutory exemption, an appeal to this court can not be perfected without filing an appeal bond or affidavit in lieu thereof. Stinnet v. Dudley, Tex.Civ.App., 277 S.W. 801. Appellant did conform to that part of Art. 2253 which provides for the giving of notice of appeal, but it failed to perfect its appeal by filing a cost bond within the time prescribed by statute.

■ There appears in the record an unsigned statement of the trial judge (which was not entered in the minutes of his court), that the appellant may appeal without giving bond. Such procedure, however, is not contemplated by the statutes of this State, and we do not consider that this statement in any way complies with the provisions of Article 2256. It is, therefore, without any force or effect in this appeal.

■ Appellant claims that the only purpose of an appeal bond is to secure the opposite party in his costs. This is not correct. Under our system of practice an appeal bond is a jurisdictional prerequisite to an appeal to this Court, and it may not be dispensed with in the absence of specific statutory authority. It is as necessary as the giving of notice of appeal, or any other jurisdictional step in our procedure.

Previous to the Act of February 5, 1858 (requiring the filing of bond), a writ of error could be perfected in this State without bond. Turner v. Hamilton, 6 Tex. 250. Under federal statutes, the giving of security for costs does not appear to be essential to perfect an appeal (Stewart v. Masterson, 124 U.S. 493, 8 S.Ct. 561, 31 L.Ed. 507; Mayer v. Hickey, 5 Cir., 67 F.2d 489), but in Texas procedure, an appeal bond is necessary and absolutely essential to the perfection of an appeal. 3 Tex.Jur. sec. 609, p. 870; Callihan v. Montrief, Tex.Civ. App., 71 S.W.2d 564, error refused; City of Beaumont v. Stephenson, Tex.Civ.App., 107 S.W.2d 915. Under these decisions the United States has not perfected its appeal in this case, whether it is liable for the costs or not.

■ Lastly, appellant contends that it is not subject to the provisions of Arts. 2253 and 2265 because they "transgress the limits of state power * * * because the United States, relying on its sovereign prerogatives and attributes, that costs could not be awarded against it, did not execute the cost bond provided by Art. 2265." We overrule this contention. If there be one power left to the State of Texas in this new era of broadened federal authority, it is the sovereign one to set up and require adherence to her own system of practice in state courts. The Legislature of Texas,

288

alone, has authority to prescribe how an appeal can be taken to this Court, and when the United States, having selected the forum by instituting suit in a Texas court, attempts to appeal, it must abide by and conform to the provisions of the Texas statutes, the same as any other litigant. Since the giving of a bond is a prerequisite to an appeal, the United States must give that bond. 3 Tex.Jur. p. 329, sec. 225; 4 C. J.S., Appeal and Error, p. 979, § 517; Bryson v. Payne, Tex.Civ.App., 232 S.W. 362; In re Elkin's Estate, 36 Ariz. 334, 285 P. 281; United States v. Choctaw, O. & G. R. Co., 3 Okl. 404, 41 P. 729; State v. United States, 8 Blackf., Ind. 252.

There is no question of waiver or limitations involved here, and the United States is bound to observe the statutes of Texas in appealing this case.

The attempted appeal is dismissed. No statutory provision provides that the United States must pay the costs of this proceeding and mandate will issue without payment of costs.

Appellees' motion to dismiss the appeal is granted.

NORVELL, J., disqualified and not sitting.