THOMAS, Collector of Internal Revenue, v. COWAN et al.

No. 14321.

Court of Civil Appeals of Texas. Fort Worth.

July 11, 1941.

Frank B. Potter, Asst. U. S. Atty., of Fort Worth, for appellant.

Martin, Moore & Brewster, of Fort Worth, for appellees.

SPEER, Justice.

T. P. Cowan sued Murray Harris in a District Court of Tarrant County, Texas, for debt and a foreclosure of a mortgage lien on certain property. W. A. Thomas, Collector of Internal Revenue, intervened in the suit and sought recovery against Harris for alleged unpaid income taxes due the United States Government, and asked for a foreclosure of a lien securing such tax against the same property.

Trial was had to the court, and Thomas, as Collector of Internal Revenue, was denied a recovery. He excepted to the judgment and gave notice of appeal to this court. That judgment was entered on January 29, 1941.

No transcript of the proceedings below has been filed in this court. Cowan, plaintiff below, Union Bank & Trust Co., an intervener, and E. N. Ratliff, a receiver appointed by the trial court, have filed, here, their motion to affirm on certificate.

The motion is accompanied by a certificate of the Clerk of the District Court where the case was tried, showing the judgment entered and stating that no appeal or supersedeas bond had been filed in that court by any party to the suit.

The certified judgment discloses that intervener Thomas was acting as Collector of Internal Revenue for the United States Government, in all matters pertaining to the litigation. No appeal bond having been filed, the appeal has never been perfected to this court, and consequently we have never acquired jurisdiction in the case. There being no appeal from the judgment of the trial court, it became final.

It was necessary for Thomas, as such Collector of Internal Revenue, to file an appeal or supersedeas bond to perfect

the appeal and confer jurisdiction on this court. United States v. Branson, Banking Commissioner, Tex.Civ.App., 147 S.W. 2d 286, writ refused, and authorities there cited.

█ This court being without jurisdiction, it becomes our duty to deny the motion to affirm on certificate. The motion is therefore overruled.