## ATTERBURY v. BOWMAN et al.

### No. 2497.

Court of Civil Appeals of Texas. Eastland.

Feb. 16, 1945.

Oscar Callaway, of Comanche, for appellants.

Y. W. Holmes, of Comanche, for appellee.

GRISSOM, Justice.

H. C. Bowman and Mary Bowman, joined by her husband, J. H. Bowman, filed this suit in trespass to try title to a tract of land in Comanche County against T. L. Clayton, G. R. Clayton and Hobart Atterbury. The Claytons asserted title by virtue of the ten-year statute of limitation. Trial was to the court. The court found that H. C. Bowman owned "in fee simple an undivided ½₂ of an undivided ⅛th" and Mary Bowman owned an undivided ⅛ of the land in controversy and "that the other heirs of J. M. and Margaret McGuire, both deceased, own the remainder thereof * * * that none of the defendants * * * G. R. or T. L. Clayton, or Hobart Atterbury own any right, title or interest in, or right to possession of the same," and rendered judgment accordingly. Hobart Atterbury alone has perfected an appeal.

Upon the trial it was agreed that the only question to be decided was whether defendants had acquired title by virtue of the ten-year statute of limitation.

 Only Atterbury executed an appeal bond. Atterbury claimed no interest in the land, except as a tenant "from year to year" of the Claytons. Appellant's brief appears to be on behalf of all the defendants. This court has no jurisdiction of the judgment against G. R. Clayton and T. L. Clayton because they did not perfect their appeal by filing an appeal bond. United States v. Branson, Tex.Civ.App., 147 S.W. 2d 286 (writ ref.); 3 Tex.Jur. 326 and 331. Since Atterbury does not claim title to the land and did not assert a right to possession of the land after the year 1944, and then only as a tenant of the Claytons, and the Claytons have not appealed, the judgment must be affirmed.

However, if all the defendants had appealed it could not be said that the record conclusively shows title by limitation in the Claytons.

 The witness Lamineck, or Lambert (he is designated as Lambert in the Statement of Facts and as Lamineck in the motion for new trial), testified that the father of T. L. and G. R. Clayton said to the witness, "When that tract of land came on the market, or when times came right he was going to buy it." Appellant's third point is that the court erred in overruling defendants' motion for a new trial, so that said witness might testify on another trial that the foregoing statement was made by the senior Clayton with reference to a different tract from the one in controversy. There is no showing of what diligence, if any, was exercised by defendants to obtain on the trial the testimony now offered. Defendants depend solely upon their unverified allegation in the motion for a new trial that the witness "mistook the question and the subject at issue * * *"; and that

"Lamineck was talking about the Columbus Bowman tract * * *" and would so testify on another trial. There is no proof that said witness would so testify on another trial. There is neither allegation nor proof that the proffered testimony was not discovered prior to the trial. Clearly, we would not be justified under these circumstances in reversing the judgment, even if all the defendants were before this court. 31 Tex.Jur. 96, 137, 144 and 148.

The judgment is affirmed.