## UNITED STATES DEPARTMENT OF the AIR FORCE, Air Force Accounting and Finance Center, Appellant,

v.

## Jeanne L. WILHELM, Appellee.

### No. 1666.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 27, 1977.

James R. Gough, U. S. Atty., Richard H. Parker, Jr., Asst. U. S. Atty., Houston, Morton Hollander, Chief Appellate Section, William Kanter, Richard A. Olderman, Attys., Appellate Section, Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., for appellant.

Joe C. Shaffer, Richard A. Powell, Thomas B. Taylor, Briscoe, Shaffer & Powell, Houston, for appellee.

COULSON, Justice.

This is a suit brought by the former wife of an Air Force officer seeking to garnish one-half of his retirement pay as satisfaction of a community property award made pursuant to a divorce decree rendered in 1969. Jeanne L. Wilhelm filed her application for writ of garnishment in the Court of Domestic Relations No. 3 of Harris County on September 25, 1975. Her suit was brought pursuant to 42 U.S.C. § 659 (Supp. 1977), a federal statute which waives the sovereign immunity of the United States for the narrow purpose of permitting the pay of federal employees to be garnished to meet child support and alimony obligations.

Upon motion by the appellant, the United States Department of the Air Force, Air Force Accounting and Finance Center, this

case was transferred to the United States District Court for the Southern District of Texas. That court ruled that federal courts lack subject matter jurisdiction over this controversy, and remanded the case to state court. On February 18, 1977, the Court of Domestic Relations No. 3 rendered its final judgment ordering appellant to pay directly to appellee an amount equal to one-half of her former husband's military retirement pay. The trial court's order applies to past, present and future retirement payments.

Appellant filed a notice of appeal and a "Statement of Exemption" from filing an appeal bond under the provisions of 28 U.S.C. § 2408 (1965). The United States has not posted an appeal bond. Appellee has filed a motion to dismiss the appeal for failure to post a bond. We grant that motion.

The Air Force contends that 28 U.S.C. § 2408 exempts the United States from compliance with state bond requirements. That statute provides, in pertinent part:

> Security for damages or costs shall not be required of the United States, any department or agency thereof or any party acting under the direction of any such department or agency on the issuance of process or the institution or prosecution of any proceeding.

This statute is based on an earlier exemption statute, 28 U.S.C. § 870 (1940 ed.), which provided, in pertinent part:

> Whenever an appeal, or other process in law, admiralty, or equity, issues from or is brought up to the Supreme Court, or a district court, either by the United States or by direction of any department of the Government or any corporation all the stock of which is beneficially owned by the United States, either directly or indirectly, no bond, obligation, or security shall be required from the United States, or from any party acting under the direction aforesaid, either to prosecute said suit, or to answer in damages or costs.

Appellant concedes that no provision of the Texas Rules of Civil Procedure permits the United States to appeal without posting a bond. The government further concedes

that our courts have ruled that former section 870 applied only to appeals in federal courts.

It is true that the provisions of 28 U.S.C.A. § 870, as amended June 19, 1934, chap. 653, sec. 7, 48 Stat. 1109, specifically exempt the United States from giving a bond or security for costs in an appeal to the Supreme Court or any district court, but this statute applies only to appeals taken in federal courts and does not include state courts within its scope. *United ed States v. Kinney*, D.C., 264 F. 542, writ of error dismissed 254 U.S. 663, 41 S.Ct. 64, 65 L.Ed. 464.

\*   \*   \*   \*   \*   \*

Under our system of practice an appeal bond is a jurisdictional prerequisite to an appeal to this Court, and it may not be dispensed with in the absence of specific statutory authority.

\*   \*   \*   \*   \*   \*

If there be one power left to the State of Texas in this new era of broadened federal authority, it is the sovereign one to set up and require adherence to her own system of practice in state courts. The Legislature of Texas, alone, has authority to prescribe how an appeal can be taken to this Court, and when the United States, having selected the forum by instituting suit in a Texas court, attempts to appeal, it must abide by and conform to the provisions of the Texas statutes, the same as any other litigant. Since the giving of a bond is a prerequisite to an appeal, the United States must give that bond.

*United States v. Branson*, 147 S.W.2d 286, 287–88 (Tex.Civ.App.—San Antonio 1941, writ ref'd). *Accord, Southland Life Ins. Co. v. Barrett*, 172 S.W.2d 997 (Tex.Civ.App.—San Antonio 1943, writ ref'd w. o. m.); *Thomas v. Cowan*, 153 S.W.2d 509 (Tex.Civ.App.—Fort Worth 1941, no writ).

Appellant relies exclusively upon the reviser's note to section 2408, which explains that former section 870 "applied only to the Supreme Court and district courts. The revised section applies to all courts." It is

the government's position that the phrase "all courts" in the reviser's note encompasses both state and federal courts. We disagree.

We fail to find any language in section 2408 itself or in the reviser's note that demonstrates an intent by Congress that the United States is to be exempt from state bond requirements. The only substantive difference between former section 870 and the current section 2408 is that the new statute applies to all federal courts. Therefore, based on the decisions cited herein, we hold that 28 U.S.C. § 2408 does not exempt the United States from posting an appeal bond with this court.

Although we do not reach the merits of the case, we note that the El Paso Court of Civil Appeals has recently held that a former wife can garnish the United States under 42 U.S.C. § 659 to secure her community share of her former husband's military retirement pay. *United States v. Stelter*, 553 S.W.2d 227 (Tex.Civ.App.—El Paso 1977).

Appellee's motion to dismiss is granted, and the appeal is dismissed for want of jurisdiction.

Appeal dismissed.