STATE of Arkansas ex rel. Jim Guy TUCKER, Attorney General, State of Arkansas, Appellant,

v.

Earl SABO, Sheriff, Bowie County Texas, and Mattie Thompson, Appellees.

No. 8465.

Court of Civil Appeals of Texas, Texarkana.

Nov. 22, 1977.

Rehearing Denied Dec. 13, 1977.

Victor F. Hlavinka, Mike Stevens, Atchley, Russell, Waldrop & Hlavinka, Texarkana, Lonnie A. Powers, Deputy Atty. Gen., Little Rock, Ark., for appellant.

Errol N. Friedman, Harkness, Friedman & Kusin, Texarkana, for appellees.

RAY, Justice.

This is an appeal from the judgment of the trial court vacating a temporary injunction and refusing to enter a permanent injunction. The State of Arkansas, by and through its Attorney General, Jim Guy Tucker, appellant (petitioner), brought suit against Earl Sabo, Sheriff of Bowie County, Texas, and Mattie Thompson, appellees (respondents), seeking a permanent injunction to enjoin the enforcement of a writ of execution upon property of the State of Arkansas found in Texas. The trial court entered its judgment vacating its temporary injunction and denied the appellant a permanent injunction.

On January 13, 1975, Mike Hall, a highway patrolman employed by and while acting as an agent of the Department of Public Safety of the State of Arkansas, continuing a chase begun in Arkansas, traveling on Interstate Highway 30 crossed over into Bowie County, Texas. While in the process of the chase in Bowie County, his police car collided with a vehicle driven by Mattie Thompson. Mrs. Thompson is a resident of the State of Arkansas.

Appellee Thompson filed suit against Hall and the State of Arkansas. A default judgment was taken against the State of Arkansas after service of process was served through the Chairman of the Texas Highway Commission on the Secretary of State of the State of Arkansas.

Appellee Earl Sabo levied execution upon a 1972 Ford sedan belonging to the Highway Department of the State of Arkansas when the vehicle was in the State of Texas.

A temporary injunction was issued enjoining further enforcement of the execution by agreement of the parties without a hearing. The cause proceeded to final hearing on appellant's amended petition for injunction. The trial court entered its judgment denying the permanent injunction.

Appellees contend that this Court is without jurisdiction of the case because appellant failed to file a cost bond or deposit in accordance with Rule 354, Tex.R.Civ.P. Appellant contends that it is exempt from filing the cost bond under Tex.Rev.Civ.Stat. Ann. art. 2072 and Article 27–2307, Ark. Stat.Ann.

Rule 354, supra, provides in part the following:

"Cost Bond or Deposit

(a) Unless excused by law, the appellant shall execute a bond payable to the appellee in the sum of $500.00 unless the court fixes a different amount upon motion of either party. . . ."

Article 2072, supra, provides:

"No security for costs shall be required of the State or of any incorporated city or town in any action, suit or proceeding, or of an executor, administrator or guardian appointed by a court of this State in any suit brought by him in his fiduciary character."

This is a case of first impression. We have been unable to find any case which has resolved the specific issue here presented.

The case which most closely resembles the instant fact situation is *United States v. Branson*, 147 S.W.2d 286 (Tex.Civ.App. San Antonio 1941, writ ref'd). In *Branson*, the United States had brought suit against F. C. Branson and others in the nature of a bill of review to recover an amount which had been assessed against the American State Bank and Trust Company, in liquidation, as a deficiency in 1934 income and excess profit taxes. Judgment was for the defendant and the United States attempted to appeal to the Court of Civil Appeals in San Antonio. The Court of Civil Appeals stated that the filing of an appeal bond was required by statute and while the Texas Legislature had seen fit to exempt the State of Texas and heads of state departments, it had not expressly or by implication exempted the United States from giving the required bond.

The United States made the same contentions in *Branson* that appellant makes in this Court. However, the San Antonio Court of Civil Appeals held that in the absence of a statutory exemption, an appeal to the Court of Civil Appeals cannot be perfected without filing an appeal bond or affidavit in lieu thereof.

In *Branson*, the United States had filed its notice of appeal and here, the State of Arkansas has filed its notice of appeal, but the court stated that the United States had ". . . failed to perfect its appeal by filing a cost bond within the time prescribed by statute."

Appellant here argues that because it does not have to file a cost bond in Arkansas, it should not have to file one here as a condition precedent to perfecting its appeal. In *Branson*, the United States made the same argument and the court replied that:

"Under federal statutes, the giving of security for costs does not appear to be essential to perfect an appeal . . ., but in Texas procedure, an appeal bond is necessary and absolutely essential to the perfection of an appeal. . . . *Callihan v. Montrief*, Tex.Civ.App., 71 S.W.2d 564, error refused; *City of Beaumont v. Stephenson*, Tex.Civ.App., 107 S.W.2d 915. Under these decisions the United States has not perfected its appeal in this case, whether it is liable for the costs or not."

Again here, as in *Branson*, it was contended that costs could not be awarded against a sovereign and thus it was not necessary to file the cost bond. The Texas court replied,

> "We overrule this contention. If there be one power left to the State of Texas in this new era of broadened federal authority, it is the sovereign one to set up and require adherence to her own system of practice in state courts. The Legislature of Texas, alone, has authority to prescribe how an appeal can be taken to this Court, and when the United States, having selected the forum by instituting suit in a Texas court, attempts to appeal, it must abide by and conform to the provisions of the Texas statutes, the same as any other litigant. Since the giving of a bond is a prerequisite to an appeal, the United States must give that bond."

See also *Bryson v. Payne*, 232 S.W. 362 (Tex.Civ.App. Texarkana 1921, writ dism'd); 4A C.J.S. Appeal & Error § 517, p. 220.

 Under present statutes, Articles 2072, 2276, 2276a and 279a, Tex.Rev.Civ. Stat.Ann., neither Arkansas nor any other state (except Texas) is exempt from complying with Rule 354, supra. In the present case, the filing of the cost bond is mandatory and jurisdictional. Since the required cost bond was not filed, this Court has acquired no jurisdiction other than to declare that appellant failed to perfect its appeal and to order the appeal dismissed.

Accordingly, the appeal is dismissed for want of jurisdiction.

ODEN, J., not participating.