FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity, Appellant,

v.

The TEXARKANA NATIONAL BANK, Appellee.

No. 9221.

Court of Appeals of Texas, Texarkana.

May 1, 1984.

Jerry A. Rochelle, Texarkana, Ark., for appellant.

Charles L. Attaway, Texarkana, for appellee.

CORNELIUS, Chief Justice.

The Federal Deposit Insurance Corporation appeals from an order of the district court dissolving a writ of attachment. The controversy developed in this fashion: The FDIC brought suit against H.E. Fagan to recover an indebtedness arising out of a bank failure, and as an incident to the suit it obtained a writ of attachment which was executed by seizing two checks totaling $28,784.20, payable by The Texarkana National Bank to Fagan. The checks were deposited in the registry of the court until the FDIC obtained a judgment, after which the funds were released by the court to FDIC. Before the FDIC took judgment, The Texarkana National Bank secured a judgment against Fagan for a substantial debt, and on July 26, 1983, it obtained a post-judgment writ of garnishment which was served to seize the funds FDIC had obtained from the two checks. After the writ of garnishment was issued, The Texar-

kana National Bank intervened in FDIC's suit against Fagan. The district court subsequently dissolved the writ of attachment previously issued and ordered FDIC to redeposit the funds secured as a result of the attachment. FDIC brought this appeal contending that the writ of attachment was valid and that the district court erred in dissolving it. FDIC requested findings of fact and conclusions of law but they were not filed.

The threshold and dispositive question is whether the FDIC was required to post a bond before securing the writ of attachment. Tex.Rev.Civ.Stat.Ann. art. 279 (Vernon 1973) makes such a requirement but FDIC did not comply, contending that as an agency of the United States it is exempted from the bond requirement by 28 U.S.C.A. § 2408 (West 1978).

 The exemption provided by Section 2408 applies only to proceedings in federal courts. *United States v. Kinney*, 264 F. 542 (E.D.Penn.1920); *United States v. Hahn*, 563 S.W.2d 379 (Tex.Civ.App.—Austin 1978, writ ref'd); *United States Dept. of the Air Force v. Wilhelm*, 555 S.W.2d 498 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ); *United States v. Branson*, 147 S.W.2d 286 (Tex.Civ.App.—San Antonio 1941, writ ref'd). When the United States or an agency of the United States chooses to litigate in the courts of Texas, it must abide by the provisions of the Texas statutes the same as any other litigant. *United States Dept. of the Air Force v. Wilhelm*, supra. The Texas statute, Tex.Rev.Civ.Stat.Ann. art. 279a (Vernon 1973), does not exempt the FDIC from the bond requirement. *State of Arkansas v. Sabo*, 559 S.W.2d 124 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.); *City of Munday v. First State Bank of Munday*, 66 S.W.2d 775 (Tex.Civ.App.—Eastland 1933, writ ref'd). The cases cited involved appeal bonds, but there is no distinction made in either the federal or the state statute between appeal bonds and bonds to secure costs or damages in ancillary proceedings. The case of *Brown v. Beckham*, 137 F.2d 644 (6th Cir.1943), is inapposite.

It involved an attachment bond in a federal court proceeding.

 As the writ of attachment was issued without bond, it was void. Nevertheless, FDIC argues it was error to dissolve the writ after the funds had already been released. We disagree. The order was issued within thirty days from the rendition of the final judgment. The court thus retained jurisdiction and had plenary power to amend or vacate the judgment and the ancillary writ. Tex.R.Civ.P. 329(b), 608.

 The failure of the district court to file findings of fact and conclusions of law is harmless. The dispositive issues were issues of law and all matters necessary to a determination of them are contained in the transcript.

It is not necessary to discuss the remaining points of error. The judgment of the district court is affirmed.