E. G. SAENZ, Plaintiff-Appellant,

v.

UNIVERSITY INTERSCHOLASTIC LEAGUE et al., Defendants-Appellees.

No. 73-2415

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 29, 1973.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Jack N. Price, Longview, Tex., for plaintiff-appellant.

John L. Hill, Atty. Gen., Jack Sparks, Robert L. Oliver, Asst. Attys. Gen., Austin, Tex., for University Interscholastic League.

Bernard Ladon, Kirk Patterson, San Antonio, Tex., for Ridgway.

James P. Hart, James H. Keahey, Austin, Tex., for Lenhart.

Before BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

DYER, Circuit Judge:

In this section 1 Sherman anti-trust action, Saenz appeals from the trial court's order granting summary judgment in favor of the appellees and dismissing his action with prejudice. Saenz urges three points in this appeal: (1) that the trial court erred in determining that the University Interscholastic League (UIL) is an agency of the State of Texas and thus exempt from section 1 of the Sherman Act; (2) that appellee Lenhart, as State Director of the UIL's Slide Rule Contest, is similarly immunized from suit by virtue of his status as a state official; and (3) that the remaining defendant, L. R. Ridgway Enterprises, Inc., alone could not have violated the anti-trust laws in view of the immunity enjoyed by the UIL and Lenhart. We affirm.

In June 1972, Saenz brought a treble-damage action alleging that the defendants had violated section 1 of the Sherman Act by acting in concert to secure UIL's rejection of Saenz's product, the "Accuraspeed Slide Rule," for use in interscholastic competition among Texas public schools. He alleged that Lenhart had defined UIL regulations arbitrarily to exclude the Accuraspeed slide rule, while sanctioning usage of the "Texas Speed Rule," which was distributed throughout Texas by Ridgway and affiliated enterprises. According to Saenz, UIL's adverse ruling stemmed from the defendants' conspiracy to thwart Accuraspeed's potential competition with Ridgway's product and originated in a financial relationship between Ridgway and Lenhart. The complaint alleged that as a result of this undefined economic tie, Lenhart acted on behalf of Ridgway's interests by securing UIL's cooperation in disallowing use of Saenz's Accuraspeed slide rule, although the Accuraspeed was better designed for prompt solution of competitive examination problems.

UIL and Lenhart filed motions to dismiss the complaint on the grounds that, as a state agency and state official respectively, UIL and Lenhart were immune from suit under the Sherman Act. The defendants also contended that the complaint failed to state facts demonstrating any restraint upon interstate commerce. The court granted defendant's motion for summary judgment on the grounds that UIL and Lenhart were clothed with immunity from anti-trust liability as instrumentalities or officers of the state, and that Ridgway could not alone violate the Sherman Act. The court also found that the purpose and activity of the UIL is non-commercial and non-interstate in nature, and thus its conduct is outside the province of the federal anti-trust laws.

We deem it unnecessary to consider the economic nature or interstate effect of UIL's activities, inasmuch as we find that the League is a governmental entity exempt from the Sherman Act. Although the UIL was originally organized in 1910 as a voluntary association of public schools, the League subsequently became part of a bureau of the Extension Division of the University of Texas at Austin, an institution which is inarguably a state agency or governmental body. Admittedly, the organization is somewhat hybrid in form in that it is in the nature of a "service" offered annually by the University's Bureau of Public School Service and has a nonpermanent, voluntary membership. Despite

its unorthodox structure, however, the UIL clearly is imbued with ample characteristics to warrant the trial court's determination that the organization is an agency of the State of Texas. The UIL is organized and administered annually as part of the Division of Extension of the University's Bureau of Public School Service; its administrative authority, the State Executive Committee, is appointed by the President of the University; its employees are employed and paid by the University; its office space and support facilities are provided by the University; its budget is prepared by the Director of the Extension and approved by the University officials; and its funds are controlled by the University Bursar and are subject to the University's bookkeeping and accounting system.

As an integral part of the University of Texas at Austin, the UIL constitutes a governmental entity outside the ambit of the Sherman Act. As this Court has previously said, " . . . it is settled that neither the Sherman Act nor the Clayton Act was intended to authorize restraint of governmental action." Alabama Power Co. v. Alabama Electric Cooperative, Inc., 5 Cir. 1968, 394 F.2d 672. *See* Parker v. Brown, 1943, 317 U. S. 341, 63 S.Ct. 307, 87 L.Ed. 315. This shield of immunity, of course, is not limited to governmental agencies alone but extends as well to officers or agents of the State. Parker v. Brown, *supra,* at 350–351, 63 S.Ct. 307. As the state director of the UIL's Slide Rule Contest, Lenhart was clearly acting within the scope of his duties in determining that Saenz's Accuraspeed failed to meet the requirements of a "standard slide rule" and in submitting this decision to the UIL's Legislative Committee for ratification. Woods Exploration and Producing Company v. Aluminum Company of America, 5 Cir., 1971, 438 F.2d 1286, relied on by *Saenz,* is inapposite. There is no showing here, as there was in *Woods,* that the governing authorities' decision was premised upon falsification of facts.

■ The exemption enjoyed by UIL and Lenhart also negates indirectly Saenz's action against Ridgway since an actionable wrong under section 1 can be committed only by two or more parties acting in concert. The elimination of UIL and Lenhart from this suit leaves Ridgway as the sole defendant. Under these circumstances, no cause of action is stated against Ridgway. *See* South-East Coal Co. v. Consolidation Coal Co., 6 Cir. 1970, 434 F.2d 767, 774, cert. denied, 402 U.S. 983, 91 S.Ct. 1662, 29 L.Ed.2d 149.

■ Finally Saenz's unverified complaint of conspiratorial action by Lenhart and Ridgway Enterprises "based upon a financial relationship the exact nature of which is not known" to thwart the use of Accuraspeed was not supported by affidavits, exhibits or depositions contesting in any way the affidavits of Williams and Lenhart. Since Saenz was not entitled to stand on his pleadings in the face of affidavits controverting his allegations, Kron v. First Federal Savings & Loan Association of Hattiesburg, 5 Cir. 1971, 449 F.2d 865, he cannot contend that the conspiracy issue remains viable.

There being no genuine issue as to any material fact, the court properly granted summary judgment pursuant to Rule 56, Fed.R.Civ.P.

Affirmed.