**Phil BLUE and all others similarly situated, Plaintiffs,**

v.

**UNIVERSITY INTERSCHOLASTIC LEAGUE, District 13AAAAA Executive Committee, and John Byrd, Defendants.**

**John BYRD, Plaintiff,**

v.

**UNIVERSITY INTERSCHOLASTIC LEAGUE and The District 13AAAAA Executive Committee, Defendants.**

Civ. A. No. 3–80–1500–H, 3–80–1501–H.

United States District Court,
N. D. Texas,
Dallas Division.

Nov. 19, 1980.

Cornel Walker, Banner & Walker, Greenville, Tex., for plaintiff Blue et al.

Martin Hotchkiss, Dallas, Tex., for plaintiff Byrd, and defendant Byrd.

Robert Gauss, Asst. Atty. Gen., Austin, Tex., Henry D. Akin, Jr., Cathy Akin, Akin & Akin, Earl Luna, Dallas, Tex., for defendants.

## MEMORANDUM OPINION

SANDERS, District Judge.

These two companion cases are before the Court on Plaintiffs' Applications for Preliminary Injunction, the Court having on November 14, 1980, denied Applications for Temporary Restraining Orders. The cases involve the legitimacy, in concept and application, of certain rules of the University Interscholastic League. The rules in question provide that students nineteen years of age and older are ineligible to participate in League contests, and establish penalties for violation of this age eligibility requirement.

In the *Blue* case, Plaintiff, for himself and all other members of the Greenville (Texas) High School football team, seeks to enjoin Defendants (1) from enforcing the age eligibility rule, and (2) from allowing any team from District 13AAAAA other than Greenville from participating in the League playoffs which begin November 21, 1980. In the other case (CA–3–80–1500–H) Plaintiff Byrd, whose ineligibility because of age generated this litigation, seeks the same relief as the *Blue* Plaintiffs, together with injunctive relief which would permit him to participate in the football playoffs despite his being over nineteen years of age.

The Court has read and considered the pleadings, the briefs and argument of counsel, and the affidavits on file, and makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

1. John Byrd is a senior at Greenville High School, in Greenville, Hunt County, Texas, and until October 23, 1980, was a member of the Greenville Lion football team. Byrd is 19 years of age, and was born on July 13, 1961.

2. Phil Blue is a member of the Greenville Lion football team and seeks to represent the class of all football players on the Greenville High School football team for the 1980–1981 school year.

3. The University Interscholastic League ("UIL") is a voluntary association of member schools throughout the State of Texas. Schools which wish to compete against other member schools join the league and agree to abide by certain rules.

4. The UIL manages and governs all interscholastic league activities including all public football teams in Texas public high schools. The rules and regulations which govern the eligibility of players and teams to play in League sponsored football games are enacted after discussion and a vote by all the member schools.

5. The District 13AAAAA Executive Committee is composed of public school administrators from the Independent School Districts within District 13AAAAA and is charged by the UIL with the responsibility for administering any penalty provided under UIL rules for violation of any rule or regulation.

6. Article VIII, Section 1, of the Constitution and Contest Rules of the UIL for 1980–1981, provides that "a person who has reached his 19th birthday on or before the first day of September preceding the contest shall not participate in any League contest."

7. Article XIII, Section 7, provides that "the minimum penalty for using an ineligible contestant is forfeiture of the contest in which the ineligible contestant participated." Plaintiff Byrd reached his nineteenth birthday before the first day of September, 1980. He played in five UIL contests as a member of the Greenville High School football team after September 1, 1980.

8. The responsibility for determining the eligibility of a player rests with the administration, faculty and coaches of the player's school. On October 21, 1980, Dr. Arnold Oates, Superintendent of the Greenville Independent School District, informed the District 13AAAAA Executive Committee that an ineligible player had participated in five football games and requested the Committee to review the violation.

9. On October 23, 1980, the District 13AAAAA Executive Committee met and heard from Dr. Oates regarding the discrepancy in Plaintiff Byrd's birthdate and Greenville's request for probation. The Committee decided that the minimum penalty must be assessed, ruled that John Byrd was, and had been, ineligible to be a participant on the Greenville High School football team, and ordered the Greenville High School football team to forfeit the five games in which John Byrd had participated.

10. Neither John Byrd nor Phil Blue, on behalf of the class, knew that it was a violation of UIL rules for John Byrd to play football with the Greenville High School team because he was over 19 years of age on September 1, 1980.

11. The UIL rules and regulations do not provide for a hearing on the violation of the 19-year rule or prior to the imposition of any penalty against the individual player, the football team of which he is a member, or the individual players on that team.

12. Because of the forfeit of five games, imposed by the District 13AAAAA Executive Committee, the Greenville team is ineligible for the playoffs which are scheduled to begin on November 21, 1980.

### Conclusions of Law

1. This Court has jurisdiction. The federal question alleged by Plaintiffs is not clearly immaterial nor wholly insubstantial or frivolous. *See generally Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 279, 97 S.Ct. 568, 572, 50 L.Ed.2d 471, 478 (1977); *Bell v. Hood*, 327 U.S. 678, 681–83, 66 S.Ct. 773, 776, 90 L.Ed. 939, 942–44 (1946).

2. In order to sustain a claim of unconstitutional deprivation under 42 U.S.C. § 1983, Plaintiffs must establish that state action has operated to infringe a right secured to them by the Constitution or laws of the United States. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Monroe v. Pape*, 365 U.S. 167, 171, 81 S.Ct. 473, 475, 5 L.Ed.2d 492 (1961).

3. The rules and regulations enacted by the UIL and the enforcement of such rules by the District 13AAAAA Executive Committee constitute state action for the purposes of the Fourteenth Amendment and Section 1983. *Walsh v. Louisiana High School Athletic Ass'n*, 616 F.2d 152 (5th Cir.), *rehearing denied*, 621 F.2d 440 (1980); *Kite v. Marshall*, 494 F.Supp. 227 (S.D.Tex. 1980).

4. The penalty imposed by the UIL and the District 13AAAAA Executive Committee on John Byrd and the Greenville High School football players for violation of the 19-year-old rule does not violate their Fourteenth Amendment right to due process.

 a. The due process clause of the Fourteenth Amendment extends constitutional protection to those fundamental aspects of life, liberty, and property that rise to the level of a "legitimate claim of entitlement" but does not protect lesser interests or "mere expectations." *Memphis Light Gas & Water Division v. Craft*, 436 U.S. 1, 9, 98 S.Ct. 1554 [1560], 56 L.Ed.2d 30 (1978); *Perry v. Sinderman*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

 b. The interests of John Byrd and Phil Blue, as a representative of the Greenville High School football players, in participating in the UIL football playoffs amounts to a mere expectation rather than a constitutionally protected claim of entitlement. *Walsh v. Louisiana High School*, 616 F.2d 152 (5th Cir.), *rehearing denied* 621 F.2d 440 (1980).

c. Plaintiffs have no property interest in the alleged injury to their hoped-for careers in college football or for football scholarships arising from inability to play in the football playoffs or to be viewed by college scouts. *Parish v. National Collegiate Athletic Ass'n*, 506 F.2d 1028 (5th Cir. 1975).

d. The privilege of participating in interscholastic athletics, therefore, must be deemed to fall outside the protection of due process. *Mitchell v. Louisiana High School Athletic Ass'n*, 430 F.2d 1155 (5th Cir. 1970); *see also Moreland v. Western Pennsylvania Interscholastic Athletic League*, 572 F.2d 121, 123–24 (3d Cir. 1978); *Hamilton v. Tennessee Secondary Athletic Ass'n*, 552 F.2d 681, 682 (6th Cir. 1976).

e. Since Plaintiffs have no liberty or property interest in playing interscholastic sports, the Court is not required to determine whether Plaintiffs were accorded procedural due process of law in the UIL's ruling that Byrd was ineligible and that Greenville must forfeit the five games in which he played.

 5. The 19-year old rule, as applied by the UIL and the District 13AAAAA Executive Committee, does not violate the Fourteenth Amendment guarantee of equal protection of the laws.

a. When analyzing state action which is under attack as violative of equal protection, the court must recognize the applicable standard of judicial scrutiny.

b. If the state action in question infringes upon a "fundamental right" or creates an inherently "suspect classification," it will be subjected to strict judicial scrutiny, and require a compelling state interest to sustain its validity. *Parham v. Hughes*, 441 U.S. 347, 351, 99 S.Ct. 1742 [1745], 60 L.Ed.2d 269 (1979).

c. Where the classification created by the regulatory scheme neither infringes upon fundamental rights or interests nor burdens an inherently suspect class, equal protection analysis requires only that the classification be rationally related to a legitimate state interest. *Denis J. O'Connell High School v. Virginia High School League*, 581 F.2d 81, 84 (4th Cir. 1978), *cert. denied*, 440 U.S. 936, 99 S.Ct. 1280, 59 L.Ed.2d 494 (1979); *Jackson v. Marine Exploration Co.*, 583 F.2d 1336, 1346 (5th Cir. 1978).

d. Neither the right to play football nor the right to participate in state football playoffs is a fundamental right protected by the Fourteenth Amendment. *Walsh v. Louisiana High School Athletic Ass'n*, 616 F.2d 152 (5th Cir.), *rehearing denied*, 621 F.2d 440 (1980); *Mitchell v. Louisiana High School Athletic Ass'n*, 430 F.2d 1155 (5th Cir. 1970); *Sullivan v. University Interscholastic League*, 599 S.W.2d 860 (Tex.Civ.App.—Austin 1980, writ pending).

e. The UIL 19-year old rule creates a classification based upon whether a person has reached his nineteenth birthday on or before September 1 preceding a league contest. The rule does not affect or involve a suspect class. *See Parham v. Hughes*, 441 U.S. 347, 351, 99 S.Ct. 1742 [1745], 60 L.Ed.2d 269 (1979).

f. Since there is no fundamental right or suspect classification involved here, the court has only looked to whether the UIL rule bears some rational relationship to legitimate state purposes.

g. The rule is subject to a strong presumption in favor of its constitutionality. *Parham v. Hughes*, 441 U.S. 347, 351, 99 S.Ct. 1742 [1745], 60 L.Ed.2d 269 (1979); *Mathews v. De Castro*, 429 U.S. 181, 97 S.Ct. 431, 50 L.Ed.2d 389 (1976).

h. The task of the court is not to determine if the 19-year old rule is the best way, or even a good way, of accomplishing a legitimate state objective. The Court must only determine whether the classification

makes sense in light of the purpose sought to be achieved; beyond that point the wisdom of the state must be allowed to prevail. *Denis J. O'Connell High School v. Virginia High School League*, 581 F.2d 81, 84 (4th Cir. 1978), *cert. denied* 440 U.S. 936, 99 S.Ct. 1280, 59 L.Ed.2d 494 (1979).

i. The classification of students created by the transfer rule is rationally related to the UIL's valid and legitimate interest in assuring fair competition and to minimize the hazard of having the usual high school athletes competing with older, more skilled players. *See, e. g., Mitchell v. Louisiana High School Athletic Ass'n*, 430 F.2d 1155 (5th Cir. 1970).

j. The 19-year old rule together with the classification that results from it, is rationally and logically related to the UIL's valid and legitimate interest and purposes. *Walsh v. Louisiana High School Athletic Ass'n*, 616 F.2d 152, 160 (5th Cir.) *rehearing denied*, 621 F.2d 440 (1980).

6. Plaintiffs have failed to establish that the UIL rules violate their rights to due process and equal protection of the laws, as guaranteed by the Fourteenth Amendment.

7. Furthermore, Plaintiffs have not demonstrated that the scheme of enforcement used by the UIL to enforce the 19-year old rule and which resulted in Byrd's ineligibility and the forfeiture of games by the Greenville High School team and its players, deprived any of the Plaintiffs of any right secured to them by the Constitution of the laws of the United States.

8. Plaintiffs have not shown a substantial likelihood that they will prevail on the merits, *viz*, at a permanent injunction trial. Indeed, the Court concludes that it is unlikely that Plaintiffs will prevail at a permanent injunction trial. Also, the equities weigh against Plaintiffs' position, and the public interest would not be served by granting the preliminary injunction which Plaintiffs seek.

Order will be entered denying Plaintiffs' Applications for Preliminary Injunction.

SO ORDERED.