UNIVERSITY INTERSCHOLASTIC LEAGUE, et al., Appellants,

v.

Richard PAYNE, et al., Appellees.

No. 07–81–0285–CV.

Court of Appeals of Texas, Amarillo.

April 29, 1982.

Rehearing Denied June 30, 1982.

Mark White, Atty. Gen., Chris T. Hanger, Asst. Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Richard E. Gray, III, Executive Asst. Atty. Gen., Paul R. Gavia, Asst. Atty. Gen., Austin, Derry D. Harding, Lubbock, for appellants.

Huffaker & Green, Gerald Huffaker, Tahoka, for appellees.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

This appeal by the University Interscholastic League and certain of its officials (hereafter collectively "the U.I.L."), represented by the Attorney General of Texas, challenges the propriety of a temporary injunction rendered by the trial court in favor of appellees Richard Payne and others. Because we have detected a fatal jurisdictional error by the U.I.L., we do not reach the merits of the controversy and must dismiss the appeal.

The question, raised by the court sua sponte because we must ascertain the existence of our jurisdiction in each case, *Lamka v. Townes*, 465 S.W.2d 386 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.), is whether the U.I.L. is "excused by law" from giving security for costs in order to perfect an appeal to this court.[1] We conclude that the U.I.L. is not so excused and, having failed to provide the required security, did not invest this court with jurisdiction of the appeal.

The U.I.L. governs interscholastic competition between member public schools in

---

1. The pertinent portions of the applicable Texas Rules of Civil Procedure read as follows:

Rule 354:

(a) *Unless excused by law*, the appellant shall execute a bond payable to the appellee in the sum of $500.00 unless the court fixes a different amount upon motion of either party or any interested officer of the court.... In lieu of a bond, appellant may deposit with the clerk $500.00 in cash, less such sums as have been paid by appellant on the costs, and in that event the clerk shall file among the papers his certificate showing that the deposit has been made and copy same in the transcript, and this shall have the force and effect of an appeal bond. [Emphasis added.]

\* \* \* \* \* \*

Rule 363:

When a bond is required by law, the appeal is perfected when the bond, cash deposit or affidavit in lieu thereof has been filed or made, or if affidavit is contested, when the contest is overruled. When a bond for costs on appeal is not required by law, the appeal is perfected when notice of appeal is made under the provisions of Rule 356(c)....

All references hereafter to Rules refer to the Texas Rules of Civil Procedure.

Texas. This controversy began during the final weeks of the 1981 Texas high school football season. On October 28, 1981, prior to the end of the football season, when it appeared that either Slaton High School or Tahoka High School would be the District 4AAA champion and representative in post season play, each school was advised by the District Executive Committee of the U.I.L. that it had an ineligible player on its football team. The schools were ordered to forfeit all games in which the ineligible players had participated. The students who were declared ineligible, joined by teammates at Slaton High School and Tahoka High School, and numerous parents, then brought this suit against the U.I.L., its executive director, its athletic director, the chairman of its State Executive Committee, the members of its District Executive Committee and others. After a hearing, the trial court temporarily enjoined enforcement of the Committee's decision and granted other relief. The defendants named above gave notice of appeal to this court as provided in Rule 356(c) [2] instead of providing security of costs as provided in Rule 354. Thus, the jurisdictional question

is posed. *Davies v. Massey,* 561 S.W.2d 799, 800–801 (Tex.1978); *Duke v. Lloyd,* 584 S.W.2d 742 (Tex.Civ.App.—Waco 1979, no writ).

■ We begin with the principle that the appellate record must affirmatively reflect our jurisdiction. *Dean v. Warren,* 464 S.W.2d 672, 673 (Tex.Civ.App.—Tyler 1971, no writ). One of the first inquiries when an appellate record reaches this court is whether the appellant has made proper arrangements for, or is exempt from, securing the costs on appeal. In that regard, the general rule under Rule 354 is that all appellants must provide security for costs by filing an appeal bond or posting a cash deposit in lieu of an appeal bond. An exception is recognized in the Rule if the appellant is "excused by law." As pertinent to this case, those litigants excused by law include various governmental entities.[3] A careful examination of the record before us and the Constitution and statutes of this State fails to reveal any governmental status or other exception that would permit the U.I.L., as an appellant, to be excused by law from providing security for costs.[4] Thus, by fail-

---

**2.** As pertinent here, Rule 356 states:

    \*    \*    \*    \*    \*    \*

    (c) When a bond for costs on appeal is not required by law, the appellant shall in lieu of a bond file a written notice of appeal with the clerk or judge which shall be filed within the time otherwise required for filing the bond. . . .

**3.** The applicable statutes are as follows:

Tex.Rev.Civ.Stat.Ann. art. 2072 (Vernon 1964):
    No security for costs shall be required of the State or of any incorporated city or town in any action, suit or proceeding. . . .

    \*    \*    \*    \*    \*    \*

Tex.Rev.Civ.Stat.Ann. art. 2276 (Vernon 1971):
    Neither the State of Texas, nor any county in the State of Texas, nor the Railroad Commission of Texas, nor the head of any department of the State of Texas, prosecuting or defending in any action in their official capacity, shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case.

    \*    \*    \*    \*    \*    \*

Tex.Rev.Civ.Stat.Ann. art. 279a (Vernon 1973):
    Neither the State of Texas, nor any county, nor any state department, nor the head of any state department, . . . shall be required to give any bond incident to any suit filed by

any such agency, official, and/or entity for costs of court or for any appeal or writ of error taken out by it or either of time. . . .

    \*    \*    \*    \*    \*    \*

    Also, an appellant who does not have the financial resources to comply with the cost requirements may be entitled to proceed by filing an affidavit to that effect as provided by Rule 355.

**4.** There is authority that exemptions from security for costs are to be strictly construed, *State ex rel. Tucker v. Sabo,* 559 S.W.2d 124, 126 (Tex.Civ.App.—Texarkana 1977, writ ref'd n. r. e.); *United States v. Branson,* 147 S.W.2d 286, 287 (Tex.Civ.App.—San Antonio 1941, writ ref'd). There is also authority that such exemptions are to be liberally construed. Board of Adjustment of *City of Fort Worth v. Stovall,* 147 Tex. 366, 216 S.W.2d 171, 174 (1949). Under either view, the U.I.L. is not exempt.

    We also observe that those cases granting an exemption have focused on specific legislative authorization that is missing in this case. *See, e.g., Board of Adjustment of City of Fort Worth v. Stovall,* 147 Tex. 366, 216 S.W.2d 171, 174 (1949); *City and County of Dallas Levee Imp. Dist. v. Carroll,* 263 S.W.2d 307, 308 (Tex.Civ.

ing to comply with Rule 354, it has not perfected an appeal to this court under Rule 363.

■ . The U.I.L. argues, in a post submission brief, that it is exempt because it is part of the Division of Continuing Education of the University of Texas at Austin. Assuming, arguendo, that such status would permit the U.I.L. to perfect its appeal by notice of appeal only under Rule 356, *see Rainey v. Malone*, 141 S.W.2d 713, 716 (Tex. Civ.App.—Austin 1940, no writ), the record before us does not establish that status. There is evidence indicating that unspecified administrative and support services are provided by the University of Texas at Austin, and the members of the State Executive Committee are, under the U.I.L. Constitution, appointed by the president of that university. However, it is undisputed in the record that the U.I.L. is a self-governing, independent entity, established by its members for the purpose of regulating interscholastic competition.[5] It is, in the words of its executive director, "organized annually [by its members] and has a shifting membership from year to year." Its rules are "written by the public schools, for the public schools, to be enforced by the public schools." In that regard, the trial court found:

> (8) University Interscholastic League (referred to in this order as "UIL") is the means by which volunteer member public schools of the State of Texas organize and direct properly controlled and supervised competitive activities; among such activities is competition between the varsity football teams of the respective schools as classified in districts. Each of the Tahoka and Slaton School systems are members of UIL.

> (9) Executive management and control of UIL vests in the State Executive Committee, Regional Committees, and various District Committees. Superintendents of member schools have the final responsibility for League membership, control and management of all contests, and the enforcement of all eligibility rules. UIL has promulgated a Constitution and Contest Rules for members of UIL.

The trial court made no findings, express or implied, concerning the U.I.L.'s collateral affiliation with the University of Texas at Austin. However, we are satisfied that the incorporation of the U.I.L., a state-wide entity having near absolute control of competition between public schools in Texas, into the University of Texas system would require formal action by one or more existing governing bodies. *See, e.g.,* Tex.Educ.Code Ann. §§ 61.051(a), 61.055 (Vernon 1972); §§ 65.02(b), 65.11 (Vernon Supp.1981); § 65.31 (Vernon 1972). No evidence of or reference to such action has been furnished or alluded to by the U.I.L. The U.I.L. does note that the University of Texas president was instrumental in the formation of the U.I.L. in 1909–1910. The record does not support that statement but, if it did, we do not believe that the U.I.L. can incorporate itself into the University of Texas system by custom and usage or at the behest of a single university officer. *See Fazekas v. University of Houston*, 565 S.W.2d 299, 304 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n. r. e.), *appeal dismissed*, 440 U.S. 952, 99 S.Ct. 1487, 59 L.Ed.2d 765 (1979).

Thus, under this record the U.I.L. is in the posture of any other private appellant. It is not a governmental entity under the laws of Texas and it did not evidentially

App.—Dallas 1953, writ ref'd n. r. e.); *Teacher Retirement System v. Duckworth*, 153 Tex. 141, 260 S.W.2d 632, 633 (Tex.Civ.App.—Ft. Worth 1953), *aff'd*, 153 Tex. 141, 264 S.W.2d 98.

For examples of statutes defining "state agency," "governmental body" or "regulatory agency," *see* Tex.Rev.Civ.Stats.Ann. arts. 2226b § 1(1); 4413(33a) § 4(3); 4413(34a) § 1; 6252–17a § 2(1)(A) & (G) (Vernon Supp.1981); and 6252–19 § 2(1) (Vernon 1970).

5. Because the U.I.L. supervises and controls various public school activities, some of its functions have been treated as state action. *Blue v. University Interscholastic League*, 503 F.Supp. 1030, 1034 (N.D.Tex.1980). State action is, however, a different and far broader concept than the jurisdictional question before this court.

establish its existence as a constituent part of some other duly created governmental entity.

We also observe that, although the U.I.L. seeks the protective umbrella of the University of Texas system here, it does not otherwise function in a manner consistent with its claim of public university thralldom. It has not, for example, pointed out to us any provision of the 1982–83 Legislative Appropriations Act appropriating state funds identifiably for the U.I.L. 1981 Tex.Gen. Laws, ch. 875, at 3333–3843. The meeting of the District Executive Committee, where the ineligibility of the two athletes in question here was determined, was not held in compliance with the Open Meetings Act. Tex.Rev.Civ.Stat.Ann. art. 6252–17 (Vernon Supp.1981).[6] Suits involving the U.I.L.'s actions are brought by or against it, not the University of Texas or the State of Texas. *See, e.g., Sullivan v. University Interscholastic League,* 616 S.W.2d 170 (Tex.1981);[7] *Blue v. University Interscholastic League,* 503 F.Supp. 1030 (N.D.Tex.1980); *University Interscholastic League v. Green,* 583 S.W.2d 907 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Saenz v. University Interscholastic League,* 487 F.2d 1026 (5th Cir. 1973). Finally, prior to 1973, the U.I.L. was represented in litigation by private counsel.[8] *See, e.g., University Interscholastic League v. Midwestern University,* 152 Tex. 124, 255 S.W.2d 177 (1953); *Sims v. University Interscholastic League,* 111 S.W.2d 814 (Tex. Civ.App.—Beaumont 1937), *dism'd as moot,* 133 Tex. 605, 131 S.W.2d 94. Also, the U.I.L. has, in at least one case, provided security for costs. *See University Interscholastic League v. Midwestern University,* 255 S.W.2d at 181.

In short, on the record before us and under the cited authorities, we are satisfied the U.I.L. is neither a constituent part of the University of Texas at Austin nor an independent governmental entity excused by law from giving security for costs in order to perfect the appeal. Thus, it is required to provide security for costs and, because it did not do so, this appeal is ordered dismissed for lack of jurisdiction.

## ON MOTION FOR REHEARING

We have carefully examined the issues and arguments presented by the U.I.L. in its motion for rehearing, but we are not persuaded that our decision is erroneous. We have found nothing in the Constitution or statutes of this state or the record before us that would permit us to conclude that the U.I.L. is excused by law from filing an appeal bond. One matter requires clarification, however.

■ The U.I.L. has asked us to remand the case to the trial court for further development of the record on the appeal bond question. Because we do not have jurisdiction, we can only dismiss the case. Reynolds, *Texas Rules of Civil Procedure 385 and 386: Whether to Extend the Definitive Time for Filing the Appellate Record,* 4 Tex.Tech L.Rev. 1, 21 (1972). When a court concludes that it does not have jurisdiction, that necessarily means the case is not within that class of cases over which the court is empowered by law to act. Thus, if a court takes any action other than dismissal, it is taking action in a case where it does not have the power to act. *Dews v. Floyd,* 413 S.W.2d 800, 805 (Tex.Civ.App.—Tyler 1967, no writ). For those reasons, we cannot remand this case to the trial court.

The motion for rehearing is overruled.

6. We reserve for decision in the proper case the question of the applicability to the U.I.L. of the Open Meetings Act.

7. The U.I.L. points to and draws comfort from, the statement in *Sullivan v. University Interscholastic League,* 616 S.W.2d 170 (Tex.1981), that "the U.I.L. is a voluntary non-profit association of public schools which is a part of the Division of Continuing Education of the University of Texas." *Id.* at 172. That statement is a factual recitation based, undoubtedly, on the

record in that case, and not a judicial determination of the legal status of the U.I.L. Because the U.I.L. was the appellee at all times in *Sullivan,* the issue present in this case did not exist.

8. The power of the Attorney General to represent parties is limited by the Constitution, Tex.Const. art. IV § 22, and by statute. Tex. Rev.Civ.Stat.Ann. arts. 4395 (Vernon 1976) and 4399 (Vernon Supp.1981).