**UNIVERSITY INTERSCHOLASTIC LEAGUE, et al., Appellants,**

v.

**HARDIN–JEFFERSON INDEPENDENT SCHOOL DISTRICT, et al., Appellees.**

**No. 09 83 153 CV.**

Court of Appeals of Texas, Beaumont.

March 10, 1983.

Rehearing Denied March 31, 1983.

Robert W. Gauss, Asst. Atty. Gen., John L. Darrouzet, Austin, for appellants.

Floyd A. Landrey, Beaumont, for appellees.

## OPINION

CLAYTON, Justice.

This is an appeal from an order granting a temporary injunction. Appellee, Hardin-Jefferson Independent School District, brought suit against appellants, the University Interscholastic League (U.I.L/League), the League's State Executive Committee, two U.I.L. officials, and the League's District 20AAA Executive Committee, seeking to enjoin the enforcement of certain sanctions imposed by the District Executive Committee against the girls' basketball team, boys' baseball team, and boys' football team of the Hardin-Jefferson High School. Three members of the girls' basketball team intervened.

The District Executive Committee, on January 19, 1983, imposed the following sanctions or penalties against the Hardin-Jefferson High School's athletic teams:

1. Girls' basketball be disqualified for district honors for the 1982–83 school year and placed on probation for the 1983–84 school year.

2. Baseball be disqualified for district honors for the 1982–83 school year.

3. Football be placed on probation for the 1983–84 school year.

The trial court enjoined appellants from "enforcing ... Defendants' [appellants'] sanctions and orders disqualifying and/or disallowing the Plaintiffs' [appellees'] girls varsity basketball team for Dis-

trict honors for 1982–1983 school year, or from participating in post season Interscholastic League play for the 1982–1983 school year . . . ." This part of the temporary injunction is now moot. Because of the temporary injunction, the team was permitted to play one game in the State playoff competition. The team lost this first game and its competition in the playoffs thereby ceased, and the question of the impropriety in granting this order is now moot. See *South Padre Development Co., Inc. v. Texas Commerce Bank Nat'l Ass'n,* 538 S.W.2d 475 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Stephenson v. State,* 515 S.W.2d 362 (Tex.Civ.App.—Dallas 1974, writ dism'd).

▮ The sanction of the disqualification of the baseball team "for district honors for the 1982–83 school year" was imposed by the District Executive Committee upon a finding that there had been a violation of Rule 25–2–3(3) of the Constitution and Contest Rules, University Interscholastic League, 1982–83, which provides:

"No organized or formal baseball practice for a contestant or a team (before or after school) shall be permitted before February 1 of the current year or after the date for certifying district champions . . . ."

The only testimony in the record before us concerning baseball practice was given by the baseball coach who testified that:

"I did not have a formal practice; merely players stated they wanted to use the baseball machine over the weekend. I came and opened up the gym on a Saturday morning about 10 o'clock, stayed about ten minutes to make sure it was set up, and I left. I came back about 4:00 and locked the gym back up."

There is nothing in the above quoted testimony, or any other evidence in the record, showing that such activities occurred prior to February 1, or "after the date for certifying district champions" as provided in Rule 25–2–3(3). It does not appear from the record that the baseball team, or the coach, violated this particular rule. There being no violation to support the sanction, the trial judge did not abuse his discretion

in granting the temporary injunction as to this sanction against the baseball team.

▮ The sanction imposed against the football team resulted from a finding by the District Executive Committee of a violation of Rule 16–1–1, which provides:

"No member school shall issue (and no student shall receive) awards for participation in interschool competition in excess of $40 (or the equivalent in value) during his high school enrollment in the same high school. Additional symbolic awards not to exceed $6 each may be presented for each additional interschool activity each year. . . ."

The only testimony in the record before us concerning the violation of the above-quoted rule was given by the football coach as follows:

"Two football seasons ago in the mid point of the season, there were approximately four or five of the caps that we purchased in the school district left in a box. After a game—in fact, it was—I can tell you it was against Hampshire Fannett, so whatever date that was, that would be when it was exactly. I gave out three of the caps. The following week, I gave out, I think it was, either—I think two more. Like I say, there was either four or five, to be exact. No more than five caps were given away. . . ."

The testimony of the football team coach, quoted above, does not show or in any way indicate a violation of Rule 16–1–1. The value of the caps does not appear in this record, and without such proof, there is no showing of a violation of this rule. There is nothing in this record which would support this sanction against the football team. There is no showing that the trial judge abused his discretion in granting the temporary injunction as to this sanction.

▮ Appellants, in perfecting this appeal, deposited with the District Clerk cash in the amount of $500 in lieu of cost bond "with the understanding that such amount is being tendered under protest because Appellants . . . contend the UIL . . . is a state

agency which is not required to post bond; and with the understanding that such money will not be drawn on until the appellate court orders such action after its decision on the UIL's state agency status." Appellants strongly urge that the U.I.L. is a state agency and, as such, is not required to post an appeal bond. This question has been decided adversely to appellants.

It has been clearly held that the U.I.L. is not "excused by law" from giving security for costs in order to perfect an appeal to this court. *University Interscholastic League v. Payne,* 635 S.W.2d 754 (Tex.App. —Amarillo 1982, writ dism'd); *Marshall v. Brown,* 635 S.W.2d 578 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.).

The temporary injunction relating to the girls' basketball team, being moot, is vacated, and the temporary injunction relating to the baseball team and the football team is affirmed.