Margaret A. Cooper, Lucius D. Bunton, Jr., Bunton, Nolan, Ode & Cooper, Austin, for appellant.

Malcolm Robinson, Hooper, Robinson & Moeller, Austin, for appellee.

SHANNON, SMITH and BRADY, JJ.

SHANNON, Justice.

The University Interscholastic League seeks to dissolve an order of temporary injunction signed by a district court of Travis County prohibiting the League and its agents from enforcing its order declaring Todd Maroney ineligible to play football for Westlake High School during the 1984 season. Jim Maroney and his son, Todd, have filed a motion to dismiss the appeal for want of jurisdiction, claiming that the League failed to file security for costs and, instead, filed only a notice of appeal. This Court has concluded that the League is not "excused by law" from filing security for costs, and, accordingly, this Court will dismiss the appeal.

**UNIVERSITY INTERSCHOLASTIC LEAGUE, Appellant,**

v.

**Jim MARONEY on Behalf of Todd MARONEY, Appellee.**

No. 14341.

Court of Appeals of Texas, Austin.

Nov. 14, 1984.

Rehearing Denied Dec. 12, 1984.

The League is a "voluntary-member association of Texas public schools" formed for the purpose of organizing and directing extracurricular competition between member public schools in Texas. Constitution and Contest Rules of the University Interscholastic League, 1983–84. There is no statute creating the League or empowering the University of Texas at Austin to create the League.

Todd Maroney is a student at Westlake High School and during the 1983 season he played football for Westlake. He and his father applied to the proper League officer for a waiver of its "five-year" rule so that he could play football during the 1984 season. After the League had entered its final order denying the waiver application, the Maroneys filed suit in the district court of Travis County seeking to set aside the order of denial. The Maroneys sought, and obtained, ancillary relief by way of a temporary injunction prohibiting the League and its officers from enforcing its order declaring Todd Maroney ineligible for participation in League activities for 1984.

By their motion to dismiss, the Maroneys point out that the League gave notice of appeal to this Court as provided in Tex.R. Civ.P. 356(c)[1] instead of executing an appeal bond or making a cash deposit as provided in Tex.R.Civ.P. 354. The Maroneys insist that under the Rules of Civil Procedure and statutes[2] the League is not excused from filing an appeal bond or making a cash deposit. As authority, the Maroneys rely upon *University Interscholastic League v. Payne*, 635 S.W.2d 754 (Tex.App. 1982, writ dism'd); *Marshall v. Brown*, 635 S.W.2d 578 (Tex.App.1982, writ ref'd n.r.e.); and *University Interscholastic League v. Hardin-Jefferson Indep. School Dist.*, 648 S.W.2d 770 (Tex.App.1983, no writ). The courts in those cases held that the League did not occupy the status as a governmental entity excusing it by law from executing an appeal bond or depositing a cash deposit in lieu of a bond.

The League resists the motion to dismiss by arguing that it is exempt from providing security because it is indeed part of the Division of Continuing Education of the University of Texas. The same argument was made, and expressly rejected, by the Amarillo Court in *Payne, supra:*

> The U.I.L. argues that it is exempt because it is part of the Division of Continuing Education of the University of Texas at Austin, Assuming, arguendo, that such status would permit the U.I.L.

---

**1.** The pertinent parts of the Texas Rules of Civil Procedure provide as follows:

Rule 354:

(a) Unless excused by law, the appellant shall execute a bond payable to the appellee in the sum of $1000 unless the court fixes a different amount upon its own motion or motion of either party or any interested officer of the court....

(b) In lieu of a bond, appellant may make a deposit with the clerk pursuant to Rule 14c in the amount of $1000, less such sums as have been paid by appellant on the costs, and in that event the clerk shall file among the papers his certificate showing that the deposit has been made and a copy same in the transcript, and this shall have the force and effect of an appeal bond.

       *    *    *    *    *    *

Rule 356:

(c) When a bond for costs on appeal is not required by law, the appellant shall in lieu of a bond file a written notice of appeal with the clerk or judge which shall be filed within the time otherwise required for filing the bond.

**2.** The applicable statutes are as follows:

Tex.Rev.Civ.Stat.Ann. art. 2072 (1964):

No security for costs shall be required of the State of any incorporated city or town in any action, suit or proceeding....

       *    *    *    *    *    *

Tex.Rev.Civ.Stat.Ann. art. 2276 (1971):

Neither the State of Texas, nor any county in the State of Texas, nor the Railroad Commission of Texas, nor the head of any department of the State of Texas, prosecuting or defending in any action in their official capacity, shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case.

       *    *    *    *    *    *

Tex.Rev.Civ.Stat.Ann. art. 279a (1973):

Neither the State of Texas, nor any county, nor any state department, nor the head of any state department, ... shall be required to give any bond incident to any suit filed by any such agency, official, and/or entity for costs of court or for any appeal or writ of error taken out by it or either of them...

       *    *    *    *    *    *

to perfect its appeal by notice of appeal only under Rule 356, the record before us does not establish that status. There is evidence indicating that unspecified administrative and support services are provided by the University of Texas at Austin, and the members of the State Executive Committee are, under the U.I.L. Constitution, appointed by the president of that university. However, it is undisputed in the record that the U.I.L. is a self-governing, independent entity, established by its members for the purpose of regulating interscholastic competition. It is, in the words of its executive director, "organized annually [by its members] and has a shifting membership from year to year." Its rules are "written by the public schools, for the public schools, to be enforced by the public schools."

At oral argument, Counsel for the League insisted that *Payne, Marshall,* and *Hardin-Jefferson* were wrongly decided in that the League, in fact, has existed as a part of the University of Texas for at least seventy-five years. Counsel asserted that the League is as much a part of the University of Texas at Austin as is, for example, the Department of English or Physics.

The League suggests that its historic status as a part of the University of Texas has now been conclusively recognized by the legislature. As authority for this proposition, the League relies upon one phrase in one section contained in H.B. 72, passed in 1984 by the Second called Session of the 68th Legislature. "The University Interscholastic League, *which is a part of The University of Texas at Austin,* must submit its rules and procedures to the State Board of Education for approval. The board may approve, disapprove, or modify any of the rules." [Emphasis added] 1984 Tex.Sess.Law Serv., ch. 28, § 2 at 402, Tex. Education Code § 21.921(b).

The League characterizes § 21.921(b) as "conclusive" recognition "that the U.I.L. is a part of a state agency created by the Constitution itself." The League views § 21.921(b) as rendering "the ruling of the court in *Payne* obsolete and definitely cloak[s] the U.I.L. in a state agency status." This Court does not agree.

House Bill 72 is the vehicle for the massive revision of laws relating to the public school system undertaken by the 68th Legislature. The title to H.B. 72 provides "An act relating to the public school system, including administration, finance, personnel, students, programs, teacher education and retirement, and elements of the offense of thwarting compulsory school attendance." This Court has been shown nothing to indicate that the Legislature in H.B. 72 intended to deal with the functioning of the University of Texas at Austin. In fact, examination of the title to H.B. 72 discloses that the creation or recognition of the League as a part of the University of Texas at Austin certainly was not of such moment that it was expressed there as a subject of the legislation. Contrary to the League's argument of "conclusive recognition," it is more reasonable to conclude that the legislature's use of the phrase "which is a part of the University of Texas at Austin" was simply to identify or make certain the particular organization which had the duty to submit its rules and procedures to the State Board of Education for approval.

Upon the League's motion, this Court set this cause for early submission and oral argument. The League now makes the near fatuous argument that because this Court granted its motion to accelerate the submission and oral argument we "impliedly recognized the U.I.L.'s status as a state agency." Texas R.Civ.P. 410 provides that certain appeals shall have precedence of all others. Among those favored classes of appeals are those in which the State is a party, those taken from interlocutory orders, and those as the Court may choose to advance.

Our order granting the motion simply set the cause for early submission and oral argument and does not purport to pass upon any contentions asserted by the League. Rather, this Court in granting the League's motion, was exercising authority

permitted by any one of several provisions of Rule 410.

The motion is granted and the appeal is dismissed for want of jurisdiction.