

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

July 11, 1985

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Oscar H. Mauzy
Chairman
Committee on Jurisprudence
Texas State Senate
P. O. Box 12428, Capitol Station
Austin, Texas    78711

Opinion No.  JM-330

Re:  Whether the state may pro-
vide telecommunication services
to a private foundation

Dear Senator Mauzy:

You have asked whether article 601b, section 10.07, V.T.C.S., authorizes the State Purchasing and General Services Commission [hereinafter the "Commission"] to contract with a private foundation for the utilization of the state telecommunication system.  This statute provides:

> The commission may contract with each house of the legislature, legislative agencies, counties, cities, districts, and other political sub-divisions and agencies not within the definition of 'state agency,' for utilization of the state telecommunications system.

Section 1.02(2) of article 601b, V.T.C.S., defines "state agency" as:

> (A)  any department, commission, board, office, or other agency in the executive branch of state government created by the constitution or a statute of this state;
>
> (B)  the Supreme Court of Texas, the Court of Criminal Appeals of Texas, a court of civil appeals, or the Texas Civil Judicial Council; or
>
> (C)  a university system or an institution of higher education as defined in Section 61.003, Texas Education Code, as amended, other than a public junior college.

Section 1.02(2) outlines three classes of governmental entities.  The entities included in section 10.07 are those governmental entities not included in the definition of state agency under section 1.02(2).

You inform us that the foundation is a nonprofit organization which provides education and care for multi-handicapped children. The foundation is 99 percent state funded, and deals primarily with state agencies such as the Texas Department of Human Resources, the Texas Department of Mental Health and Mental Retardation, and the Texas Rehabilitation Commission. You also inform us that apparently 95 percent of the foundation's long distance costs are incurred in communicating with these state agencies. Finally, your letter advises that if the foundation could cut the cost of long distance bills, it would save the state money. We assume that the foundation was organized under the Texas Non-Profit Corporation Act. See generally V.T.C.S. art. 1396-1.01 et seq. The answer to your first question depends on whether the foundation is an entity within the meaning of section 10.07 with which the commission may contract.

Section 10.07 enumerates particular types of entities which are followed by the general term "agencies." V.T.C.S. art. 601b, §10.07. It is this term which is ambiguous and we must resort to rules of statutory construction. When general words follow the enumeration of a particular class of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated. This rule is based on the supposition that if the legislature had intended the general words to be used in an unrestricted sense, they would have made no mention of the particular classes. See Farmers' & Mechanics' National Bank v. Hanks, 137 S.W. 1120 (Tex. 1911); see also 53 Tex. Jur. 2d §155 Statutes (1964). Thus, the term "agencies" is restricted by the specific terms preceding it.

It is clear that all of the enumerated entities in section 10.07 have some form of governmental status under the constitution and statutes of this state. Houses of the legislature, counties, municipalities and districts are created and authorized by the Texas Constitution. See Tex. Const. art. III, § 1 (houses of the legislature); art. XI, §1 (counties); art. XI, §§4 & 5 (municipalities); art. XVI, §59 (special purpose districts); art. IX, §§4-11 (special purpose districts). Legislative agencies are created by the statutes. See V.T.C.S. art. 5429b, §1 (legislative council); art. 5429c (legislative budget board); see generally art. 5429g, §1 (definition of legislative agency). Therefore, we must ascertain whether the foundation has a governmental status for the purposes of section 10.07.

One of the main purposes for the creation of the state telecommunications system was to reduce the cost of telephone services to the state government. Cf. V.T.C.S. art. 601b, §10.03. Since 99 percent of the foundation's funds are received as a result of governmental contracts with state agencies and other governmental sources, you suggest that it would be reasonable to conclude that the organization's utilization of the state communication system would have the

effect of reducing governmental spending. However, such a conclusion would have the effect of allowing every organization receiving public funds to utilize the state telecommunications system. This practice would, however, be contrary to the expressed limiting words in section 10.07. The statutory language is the best evidence of the legislative intent. Sabine Pilots Assn. v. Lykes Brothers Steamship, Inc., 346 S.W.2d 166 (Tex. Civ. App. - Austin 1961, no writ).

The receipt of public funds is sufficient to subject the foundation to the Open Records act. See V.T.C.S. art. 6252-17a, §(2)(1)(F). We believe, however, that this fact is insufficient to confer upon this private organization a governmental status of the class within the meaning of section 10.07.

The foundation provides a vital service to the state. The foundation operates six of 43 licensed residential treatment centers in Texas. Because the Texas Department of Human Resources [TDHR] is named managing conservator of several thousand children each year by the state courts, the foundation's facilities are among those used by TDHR as a placement source. Although the foundation assists in fulfilling this public purpose, it is a private nonprofit corporation created for a private, as distinguished from a purely public, purpose. See Miller v. David, 150 S.W.2d 973 (Tex. 1941). It is not a governmental agency. Cf. University Interscholastic League v. Payne, 635 S.W.2d 754, 756-57, n.4 (Tex. App. - Amarillo 1982, writ dism'd).

Accordingly, we conclude that the foundation is not an entity with which the Commission may contract for the utilization of the state telecommunications system.

You also ask whether, regardless of section 10.07, the Commission may "nonetheless contract with the foundation for utilization of the state telecommunications system." We think not. The State Purchasing and General Services Commission is an administrative agency created by statute. V.T.C.S. art. 601b et seq. The Supreme Court has held that where power is granted to an administrative agency and the method by which it is exercised is prescribed, the prescribed method excludes all others and must be followed. Cobra Oil & Gas Corp. v. Sadler, 447 S.W.2d 887 (Tex. 1968). Section 10.07 is the only authority by which the Commission may contract with the foundation and for the reasons stated above, we conclude that the Commission may not contract with the foundation for the utilization of the state telecommunications system.

## S U M M A R Y

Article 601b, section 10.07, V.T.C.S., does not authorize the State Purchasing and General Services Commission to contract with a private

nonprofit corporation for the utilization of the state telecommunications system.

Very truly yours

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton