**John D. STEVENS, Appellant,**

v.

**Beverly McCLURE, Appellee.**

**No. 07–87–0140–CV.**

Court of Appeals of Texas,
Amarillo.

June 18, 1987.

Frank Lay, Borger, for appellant.

S. Vance Jones, Borger, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

John D. Stevens brought this appeal from a judgment decreeing that the general election on 4 November 1986 for the office of Justice of the Peace, Precinct No. 2 of Hutchinson County, is void.[1] We must, as appellee Beverly McClure urges, dismiss the appeal for want of jurisdiction.

Following the rendition of its judgment voiding the election and the overruling of Stevens' motion for new trial, the trial court, as authorized, provided for the acceleration of the appeal. *See* Tex.Elec.Code Ann. § 232.015(a) (Vernon 1986). Al-

---

**1.** At the election, Stevens, the contestee in the trial court, received 1543 votes, and Beverly McClure, the contestant who alleged that her name was erroneously omitted from the official election ballot, received 1526 votes.

though the acceleration authorized is to be ordered after the appeal is perfected, section 232.014(d), *supra,* the court, in making its 12 March 1987 order for acceleration specified that:

> Notice of Appeal and bond, affidavit, or cash deposit for costs of appeal, where applicable, shall be made and filed not later than thirty (30) days from the date of the signing of this Order.

Thereafter, on 8 April 1987, Stevens filed a notice of appeal only.

Upon receipt of the appellate record in this Court, Stevens was notified that it appears the filing of only the notice of appeal in the absence of a showing that he is excused by law from giving security for costs is insufficient to perfect the appeal, and subjects the appeal to dismissal for want of jurisdiction. Tex.R.App.Proc. 60(a)(2). In response, Stevens submits that since the new Election Code eliminated the prior provision that "bond for cost may be required," [2] and the Legislature has not seen fit to require a cost bond in an election contest, no appeal bond is required to perfect this appeal. We do not agree.

■ The perfection of an appeal is prerequisite to invoking the jurisdiction of the appellate court over the appeal. The appeal in a civil case is perfected when (1) an appeal bond is timely filed, or (2) cash is timely deposited; or, in lieu thereof, (3) an affidavit of inability to pay costs on appeal or give security therefor is timely filed or, if contested, when the contest is overruled; or when, (4) if security for costs is not required by law, a written notice of appeal is timely filed. Tex.R.App.Proc. 40(a), 41(a).

■ Because the jurisdiction of a court is fundamental and may not be ignored, a court must notice, even sua sponte, the matter of its own jurisdiction. *Marshall v. Brown,* 635 S.W.2d 578, 580 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.). Accord-

ingly, upon the receipt of the transcript in a civil appeal, a first inquiry is whether appellant has made timely arrangement for, or is exempt from, securing the costs on appeal. Tex.R.App.Proc. 56(a); *University Interscholastic League v. Payne,* 635 S.W.2d 754, 756 (Tex.App.—Amarillo 1982, writ dism'd). The inquiry operates on the general rule that an appellant must provide security for costs by filing an appeal bond or posting a cash deposit, and the rule obtains unless the appellant establishes that he is unable to pay or give security for costs on appeal, or that he is not required by law to secure the costs on appeal. Tex.R.App.Proc. 40(a); *University Interscholastic League v. Payne, supra.*

■ By his response, Stevens takes the position that he is not required to secure the costs on appeal because the Legislature, by not retaining the former election code provision for a bond in enacting the current Election Code, intended to eliminate the requirement of a bond in an election contest. The position is not well taken.

It is apparent that the Legislature enacted the current Election Code with an awareness of, and an adherence to, the long standing and still prevailing principle, reiterated in rules 40(a) and 41(a), *supra,* that in the absence of a statutory exemption, an appeal cannot be perfected without the timely filing of an appeal bond or deposit of cash, or, in lieu thereof, an affidavit of inability to pay or secure the costs on appeal. *See, e.g., United States v. Branson,* 147 S.W.2d 286, 287 (Tex.Civ.App.—San Antonio 1941, writ ref'd). Illustratively, in providing for the acceleration of an appeal from a judgment rendered in a primary election contest, the Legislature recognized the prevailing requirements for perfecting an appeal by specifying that appellant's bond, cash deposit, affidavit, or notice of appeal if he is not required to give security for costs, "must be made not later

---

**2.** This provision, formerly article 9.18 of the Texas Election Code Annotated (Vernon 1967), as well its preceding article 9.17, which provided for the availability of appeal "under the same rules and regulations as are provided for appeals in civil cases," were repealed upon, and are not to be found in, the enactment of the current, substantive revision of the Texas Election Code effective 1 January 1986. Act of May 24, 1985, ch. 211, § 9(a)(1), 1985 Tex.Gen.Laws 802, 1076.

than the fifth day after the date the district court's judgment in the contest is signed." Tex.Elec.Code Ann. § 232.014(b) (Vernon 1986). The Legislature also recognized that the only appellants, other than paupers, who are not required to secure costs on appeal are those exempted by the statutes of this State, *Brenan v. Court of Civil Appeals, Fourteenth Dist.*, 444 S.W.2d 290, 291 (Tex.1968), by providing that a contestee representing a governmental or political entity in a contest of an election on a measure "may not be required to give bond on appeal." Tex.Elec.Code Ann. § 233.003(d) (Vernon 1986). It is equally apparent that had the Legislature intended this exemption from the general rule of securing costs on appeal to apply to appeals from a judgment rendered in an election contest, it would have said so. Consequently, it cannot reasonably be contended that an appeal bond is not required in an appeal from a judgment rendered in a general election contest merely because the Legislature did not specifically provide for a bond.

Stevens, a private appellant, has not suggested any statute that affirmatively exempts him from securing the costs on appeal. Our search of the exemption statutes reveals that he does not come within the purview of any of them so as to authorize the perfection of his appeal by written notice of appeal. *See, e.g.,* Pope and McConnico, *Practicing Law With the 1981 Texas Rules,* 32 Baylor L.Rev. 457, 504 (1980). We, therefore, hold that to perfect his appeal from the judgment rendered in the general election contest for office, Stevens was required to timely file a bond, deposit cash, or file an affidavit of inability to pay or secure the costs on appeal. Thus, his written notice of appeal was ineffective to perfect his appeal.

■ Given our holding, Stevens requests that we then exercise our discretion under Rule 46, Texas Rules of Appellate Procedure, to allow his filing of a new bond. We are precluded from granting the request.

The rule provision to which Stevens refers is expressed in these words:

Amendment: New Appeal Bond or Deposit. On motion to dismiss an appeal or writ of error for a defect of substance or form in any bond or deposit given as security for costs, the appellate court may allow the filing of a new bond or the making of a new deposit in the trial court on such terms as the appellate court may prescribe. A certified copy of the new bond or certificate of deposit shall be filed in the appellate court.

Tex.R.App.Proc. 46(f). By the very language of the rule, an amendment is authorized only if there has been a timely filing of an instrument which may be said to be in fact a bond, *Grogan Mfg. Co. v. Lane,* 140 Tex. 507, 169 S.W.2d 141, 142 (1943); *Governing Board v. Pannill,* 561 S.W.2d 517, 520 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.); *Converse v. Trapp,* 29 S.W. 415 (Tex.Civ.App.1895, no writ), or a cash deposit given as security for costs. Since Stevens did not file a bond within the time prescribed, there is no bond that may be amended as authorized by the rule.

Moreover, we are powerless to permit the filing of a bond at this time. Stevens' failure to perfect his appeal by providing security for costs on appeal deprives this Court of jurisdiction, except to dismiss the appeal, *University Interscholastic League v. Payne, supra,* 635 S.W.2d at 758, and we may not by order enlarge the time for perfecting the appeal. *Accord, Anderson v. Casebolt,* 493 S.W.2d 509, 510 (Tex.1973).

It follows that the appeal must be, and it hereby is, dismissed for want of jurisdiction.