IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-340-CV





MARTINA CLARK,



 APPELLANT


vs.





PCA HEALTH PLANS OF TEXAS, INC.,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 92-10829, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING



 





PER CURIAM



 Appellant Martina Clark seeks to appeal from a take-nothing judgment rendered
in her suit against appellee PCA Health Plans of Texas, Inc. ("PCA"). PCA has filed a motion
to dismiss on the basis that Clark has not timely perfected an appeal. We will overrule the motion
to dismiss and will dismiss the appeal on our own motion.

 The district court of Travis County rendered judgment against Clark on April 22,
1993. (1) Clark timely filed a request for findings of fact and conclusions of law on May 3rd. See
Tex. R. Civ. P. 296. Clark was, therefore, required to perfect her appeal no later than July 21st. 
Tex. R. App. P. 41(a)(1). On May 24th, she filed a notice of appeal with the district clerk of
Travis County.

 Upon receipt of the transcript, the Clerk of this Court notified Clark, by letter, that
the transcript did not show that she was a person who may perfect an appeal by filing only a
notice of appeal. Tex. R. App. P. 40(a)(1); see, e.g., Tex. Civ. Prac. & Rem. Code Ann. §§
6.001-.003 (West 1986 & Supp. 1993). We suggested that she seek to amend her notice of appeal
or refile a proper perfecting instrument and submit the document to this Court in a supplemental
transcript by July 29th. See Tex. R. App. P. 46(f); Grand Prairie Indep. Sch. Dist. v. Southern
Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1991) (if appellant timely files document in bona
fide attempt to perfect appeal, appellate court, on appellant's motion, must allow appellant an
opportunity to amend or refile required instrument). But see Hosey v. County of Victoria, 852
S.W.2d 963 (Tex. App.--Corpus Christi 1993, no writ); Wilcox v. Seelbinder, 840 S.W.2d 680,
682-83 (Tex. App.--El Paso 1992, writ denied) (in absence of bona fide dispute as to whether party
is exempt from filing bond or making cash deposit, party must file proper perfecting instrument).

 In the instant cause, we need not decide whether Clark may have amended her
notice of appeal by filing a cost bond or affidavit of inability to pay the costs of appeal or by 
making a cash deposit. Clark has not tendered a supplemental transcript with any one of the three
instruments in this cause. (2) Because she is not a party entitled to perfect an appeal without filing
a cost bond or affidavit of inability to pay the costs of appeal or by making a cash deposit and has
not done so, we are without jurisdiction over the appeal. University Interscholastic League v.
Maroney, 681 S.W.2d 285, 288 (Tex. App.--Austin 1984, writ ref'd); Stevens v. McClure, 732
S.W.2d 115, 117 (Tex. App.--Amarillo 1987, no writ).

 The appeal is dismissed for want of jurisdiction.


Before Justices Powers, Jones and Kidd

Appeal Dismissed for Want of Jurisdiction

Filed: September 15, 1993

Do Not Publish

1. [1]  In its motion to dismiss, PCA states that the order from which to calculate the time to
perfect appeal is the order granting PCA's motion for summary judgment signed on March 18,
1993. That order, however, was not a final judgment as it did not dispose of PCA's counterclaim
against Clark. Teer v. Duddlesten, 664 S.W.2d 702, 703 (Tex. 1984). The docket sheet included
in the transcript shows that PCA filed a motion to nonsuit its counterclaim on March 25th. See
Tex. R. Civ. P. 162. That motion, however, is not included in the transcript. On April 22nd,
the district court signed an order denying Clark's motion to set aside the order of March 18th,
taxing costs against Clark, and denying any relief not expressly granted. But see Teer, 664
S.W.2d at 704. Based on the record before this Court, we determine that the order of April 22nd
is the order from which to count appellate deadlines. See Runnymede Corp. v. Metroplex Plaza,
Inc., 543 S.W.2d 4, 5 Tex. Civ. App.--Dallas 1976, writ ref'd); Ramirez v. Pecan Deluxe Candy
Co., 839 S.W.2d 101, 105 (Tex. App.--Dallas 1992, writ denied). Accordingly, we overrule
PCA's motion to dismiss the appeal.
2. [2]  PCA has submitted a supplemental transcript that includes its motion to contest affidavit of
inability to pay for appeal bond and a timely trial-court order sustaining that contest. See Tex.
R. App. P. 40(a)(3).